1 **CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (Bar No. 91490)
2   dan@callahan-law.com
Edward Susolik (Bar No. 151081)
3   es@callahan-law.com
Richard T. Collins (Bar No. 166577)
4   rcollins@callahan-law.com
Damon D. Eisenbrey (Bar No. 215927)
5   deisenbrey@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
6 Santa Ana, California 92707
Telephone: (714) 241-4444
7 Facsimile:  (714) 241-4445

8 **KANTOR & KANTOR, LLP**
Lisa S. Kantor (Bar No. 110678)
9   lkantor@kantorlaw.net
Elizabeth Hopkins (Bar No. 324431)
10   ehopkins@kantorlaw.net
19839 Nordhoff Street
11 Northridge, CA 91324
Telephone: (818) 886-2525
12 Facsimile:  (818) 350-6272

13 Attorneys for Plaintiff Ryan S., individually and on behalf
of all others similarly situated

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17                   **SOUTHERN DIVISION**

18

19 RYAN S., individually and on behalf of all    | Case No.
   others similarly situated,

20                   Plaintiffs,                  | **CLASS ACTION**

21          v.                                    | **COMPLAINT FOR
                                                   | VIOLATIONS OF ERISA**
22 UNITEDHEALTH GROUP, INC., a
   Delaware corporation;
23 UNITED HEALTHCARE SERVICES,
   INC., a Minnesota corporation;
24 UNITED HEALTHCARE INSURANCE
   COMPANY, a Connecticut corporation;
25 UHC OF CALIFORNIA, a California
   corporation;
26 UNITED HEALTHCARE SERVICES
   LLC, a Delaware limited liability company;
27 UNITED BEHAVIORAL HEALTH, INC.,
   a California corporation;

28

_____

                   COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   OPTUMINSIGHT, INC., a Delaware
    corporation;
2   OPTUM SERVICES, INC, a Delaware
    corporation; and
3   OPTUM, INC., a Delaware corporation,

4                  Defendants.

5       Plaintiff Ryan S., individually and on behalf of all others similarly situated,

6   herein complains against Defendants UnitedHealth Group, Inc., United HealthCare

7   Services, Inc., United HealthCare Insurance Company, UHC of California, United

8   HealthCare Services LLC, United Behavioral Health, Inc., OptumInsight, Inc.,

9   Optum Services, Inc. and Optum, Inc., as follows:

10                          **INTRODUCTION**

11      1.      Now, as never before, there is a critical need for access to treatment for

12  substance use disorders.  The Substance Abuse and Mental Health Services

13  Administration (SAMHSA) estimates that in 2014, 20.2 million adult Americans, or

14  8.4 percent of the adult population suffered from a substance use disorder within the

15  past year.[1]  According to the President's Commission on Combatting Drug

16  Addiction and the Opioid Crisis (November 2017), heroin overdose deaths increased

17  four-fold from 2010 to 2015, while overdose deaths due to prescription opioids

18  consistently outpaced even the disturbingly high heroin overdose rates.[2]  Drug

19  overdoses now cause more deaths than either car accidents or guns, and those

20  suffering from substance use disorders are at the highest risk.

21      2.      On average, 130 Americans die every day from an opioid overdose.

22  The opioid crisis has and continues to destroy lives and devastate families and

23  _____

24  [1]  *See* Rachel N. Lipari & Struther L. Van Horn, Trends in Substance Use Disorders
25  in Adults 18 and Older (June 29, 2017), retrieved on May 23, 2019 from
    https://www.samhsa.gov/data/sites/default/files/report_2790/ShortReport-2790.html.
26
    [2]  *See* President's Commission on Combatting Drug Addiction and the Opioid
27  Crisis, Final Report, at p. 32, retrieved on May 23, 2019 from
    https://www.whitehouse.gov/sites/whitehouse.gov/files/images/Final_Report_Draft_
28  11-15-2017.pdf.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 2 -
COMPLAINT

communities.  It is the deadliest drug crisis in United States history and it is only getting worse.[3]  In 2017 alone, California lost 2,196 lives to the opioid epidemic.[4]  Timely access to life-sustaining and life-saving treatment and continuing care for substance use and mental health disorders is critical to preventing these deaths and allowing people to achieve long-term recovery and to return to their families, friends and communities as healthy, productive and contributing members of society.[5]

3.     Addiction is recognized as a chronic, relapsing brain disorder characterized by compulsive drug seeking, continued use despite harmful consequences, and long-lasting changes in the brain.  Addiction is considered both a complex brain disorder and a mental illness.  The brain changes can be long lasting and can lead to many harmful, often self-destructive, behaviors.  Addiction is the most severe form of a full spectrum of substance use disorders, and is a medical illness caused by repeated misuse of a substance or substances.[6]  Without treatment

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

[3]  *See* Centers for Disease Control and Prevention, Understanding the Epidemic, retrieved on May 28, 2019 from https://www.cdc.gov/drugoverdose/epidemic/index.html.

[4]  *See* California Department of Public Health, Patterns of Opioid-Related Overdose Deaths in California, 2011-2017 (March 2019), retrieved on June 12, 2019 from https://www.cdph.ca.gov/Programs/CCDPHP/DCDIC/SACB/CDPH%20Document%20Library/Prescription%20Drug%20Overdose%20Program/Injury%20Data%20Brief%20Opioid%20Overdose%20Deaths%202011-2017_ADA.pdf.

[5]  The human impact of the opioid epidemic – from babies born dependent, the emotional toll on individuals with a substance use disorder, and that of their families and communities, to the tens of thousands of lives cut short each year – has been tremendous.  Now, reports show that the economic impact has been just as shocking, with the drug crisis costing the U.S. economy $1 trillion since 2001 and likely to cost the economy an additional $500 billion by 2020 if the current rates of addiction and overdose remain steady.  *See* Altarum, Solutions to Advance Health: Economic Toll of Opioid Crisis in U.S. Exceeded $1 Trillion Since 2001 (February 13, 2018), retrieved on June 5, 2019 from https://altarum.org/news/economic-toll-opioid-crisis-us-exceeded-1-trillion-2001.

[6]  *See* National Institute of Drug Addiction, The Science of Drug Use and Addiction: The Basics, retrieved on May 29, 2019 from https://www.drugabuse.gov/publications/media-guide/science-drug-use-addiction-basics; *see also*, American Society of Addiction Medicine, Public Policy Statement: Definition of Addiction, retrieved on June 13, 2019 from https://www.asam.org/docs/default-source/public-policy-statements/1definition_of_addiction_long_4-11.pdf?sfvrsn=a8f64512_4.

- 3 -
COMPLAINT

1  and engagement in recovery activities, addiction is progressive and can result in

2  unemployment, homelessness, disability and premature death.

3      4.    Substance use disorder treatment is difficult and the challenges of

4  recovery from addiction are many, which can involve cycles of recurrence and

5  remission before long-term recovery is realized.  Timely access to treatment and

6  continuing care, including detoxification and residential treatment, intensive

7  outpatient and outpatient services, counseling and behavioral therapies, social

8  support and supportive sober living environments, are critical for people to recover

9  from addiction and reclaim active and meaningful lives.  Clinical laboratory services

10  are recognized as an appropriate and important diagnostic procedure in substance

11  use disorder and mental health treatment as such services promote prevention,

12  diversion, early detection, and lifelong recovery from addiction.  Such testing is

13  designed to provide accurate results that help physicians and treatment clinicians

14  create a scientifically designed drug monitoring strategy for optimal treatment

15  outcomes, which includes testing for accurate prescription therapy and medication

16  assisted treatment.[7]

17      5.    Families and individuals purchase health insurance to help cover the

18  costs of health care, including the costs of substance use disorder and mental health

19  treatment.  Health insurance is supposed to provide people with peace of mind and

20  security, and provide them with access and options for life-sustaining and life-

21  saving health care while preventing families and individuals from experiencing

22  financial crises, such as bankruptcy or home foreclosure, or being forced to choose

23  between paying for rent, utilities and food or paying for necessary health care costs.

24

25  _____

26  [7] *See* American Society of Addiction Medicine, Public Policy Statement on Drug
    Testing as a Component of Addiction Treatment and Monitoring Programs and in
27  other Clinical Settings, retrieved on May 29, 2019 from
    https://www.asam.org/docs/default-source/public-policy-statements/1drug-testing---
28  clinical-10-10.pdf.

- 4 -
COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

6.      Traditionally, insurers and employers have covered treatment for mental health conditions, including substance use disorders, less favorably than treatment for physical health conditions, including higher cost-sharing obligations for patients, more restrictive limits on the number of inpatient days and outpatient visits, and more onerous prior authorization requirements.  To address this unequal treatment, Congress first passed a mental health parity law in 1996, and many states followed suit in the following decade by passing laws of their own.  Among other limitations, however, the 1996 act did not address the treatment of substance use disorders.  Congress addressed this gap in passing the historic Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA), 42 U.S.C. § 300gg-26, which, among other things, prohibits most plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., from imposing different treatment limits, cost-sharing and in-network and out-of-network coverage on mental health and substance use disorder treatment than are imposed on other medical and surgical services.[8]  Furthermore, ERISA requires fiduciaries to act solely in the interests of plan participants and beneficiaries, and to decide claims for health care benefits in accordance with plan documents and under a full and fair procedure.

7.      The Patient Protection and Affordable Care Act of 2010 ("PPACA"), 42 U.S.C. §§ 18001, *et seq.*, also known as the Affordable Care Act or Obamacare, requires a range of health plans, both inside and outside of the exchanges, to provide a core package of essential health benefits including mental health and substance use

_____

[8] California has its own Mental Health Parity Act ("MHPA"), codified in Insurance Code section 10144.5 and Health and Safety Code section 1374.72, which, like the MHPAEA, requires mental health care coverage to be provided "under the same terms and conditions applied to other medical conditions."  California law also requires health care plans to "provide all covered mental health and substance use disorder benefits in compliance with the [MHPAEA] and all rules, regulations, and guidance issued" pursuant to federal laws.  Cal. Ins. Code §§ 10144.4, 10112.27; Cal. Health & Safety Code § 1374.76.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 5 -
COMPLAINT

1    disorder services and laboratory services.  42 U.S.C. § 18022.  The PPACA extends

2    the impact of the MHPAEA so that many health plans must offer coverage for

3    mental health and substance use disorder services and laboratory services with at

4    least an equal level of benefits as the plans offer for the treatment of medical and

5    surgical benefits.  However, as President Donald J. Trump's commission on the

6    opioid crisis wrote in its November 2017 report, "health insurers are not following

7    the federal law requiring parity in the reimbursement for mental health and addiction

8    [;] [t]hey must be held responsible."[9]

9         8.    Despite these statutory requirements, and the obvious individual and

10   public health interests in timely access to and coverage for substance use disorder

11   and mental health treatment, Defendants UnitedHealth Group, Inc. and its

12   subsidiaries United HealthCare Services, Inc., United HealthCare Insurance

13   Company, UNC of California, United HealthCare Services LLC, United Behavioral

14   Health, Inc., OptumInsight, Inc., Optum Services, Inc. and Optum, Inc. (collectively

15   "Defendants" or "UnitedHealthcare"), are engaged in unfair, unreasonable,

16   incomplete and systematic policies, practices and decisions that have and continue

17   to result in the unlawful denial, underpayment, delay and/or flat-out refusal to

18   authorize and decide access, coverage and claims for substance use disorder and

19   mental health treatment of patients whose ERISA plans promise, and the law

20   requires, access to and coverage for such services and benefits.  UnitedHealthcare's

21   systematic practices have and continue to also result in restrictive prior authorization

22   requirements and restrictive limits on the number of substance use disorder

23   treatment days and tests.  UnitedHealthcare's access, coverage and claims-handling

24   _____

25   [9] *See* President's Commission on Combatting Drug Addiction and the Opioid Crisis,
     Final Report, at pp. 9 and 122, retrieved on May 23, 2019 from
26   https://www.whitehouse.gov/sites/whitehouse.gov/files/images/Final_Report_Draft_
     11-15-2017.pdf.  Roster of Commissioners include Governor Chris Christie,
27   Chairman, Governor Charlie Baker, Governor Roy Cooper, Congressman Patrick J.
     Kennedy, Professor Bertha Madras, Ph.D., Florida Attorney General Pam Bondi.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   policies, practices and decisions are imposing unlawful barriers between patients

2   and life-saving substance use disorder treatment they desperately need.  And

3   UnitedHealthcare is doing this in the middle of an opioid epidemic!

4   UnitedHealthcare's impermissible barriers to substance use disorder treatment must

5   be removed and UnitedHealthcare must be held responsible for placing profits over

6   patients in a life and death situation.

7        9.     This action is brought by an individual insured by UnitedHealthcare

8   who sought and obtained critically-needed substance use disorder and mental health

9   treatment, but because of UnitedHealthcare's unfair, unreasonable, incomplete and

10  systematic access, coverage and claims-handling policies, practices and decisions,

11  was unable to obtain timely access to and coverage from UnitedHealthcare for the

12  costs of treatment.  UnitedHealthcare's policies, practices and decisions as a whole

13  are at issue in this action.  As detailed herein, UnitedHealthcare's access, coverage

14  and claims-handling policies, practices and decisions for substance use disorder and

15  mental health treatment violate ERISA, including ERISA's loyalty and mental

16  health and substance use disorder parity provisions, as well as the governing plan

17  documents.  This action is of local and national importance.

18       10.    Plaintiff seeks, *inter alia*, an order declaring UnitedHealthcare's access,

19  coverage and claims-handling policies, practices and decisions described herein to

20  be in violation of ERISA, including ERISA's loyalty and mental health and

21  substance use disorder parity provisions, as well as the governing plan documents;

22  an order requiring UnitedHealthcare to reevaluate all claims of Class Members who

23  received substance use disorder and mental health treatment and laboratory services

24  under an ERISA-compliant procedure and, where warranted, to pay the correct

25  amounts on claims that were not paid or that were underpaid in violation of ERISA

26  and the plan documents; an order requiring UnitedHealthcare to remove its unlawful

27  barriers to access to substance use disorder treatment and services; an order

28  requiring UnitedHealthcare to disgorge the profits it has realized by virtue of its

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

COMPLAINT

1   violations of ERISA and other fiduciary breaches; an order awarding Plaintiff

2   reasonable attorney's fees and costs; and other injunctive and appropriate equitable

3   relief to remedy UnitedHealthcare's violations of ERISA and other fiduciary

4   breaches.

5                           **JURISDICTION AND VENUE**

6          11.    This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of

7   ERISA, as it involves breaches of fiduciary duty under employee benefit health

8   plans regulated and governed under ERISA.  Jurisdiction is predicated under these

9   Code sections as well as 28 U.S.C. § 1331, as this action involves a federal question.

10         12.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

11  because a substantial part of the events or omissions giving rise to the claims alleged

12  herein occurred in this judicial district and because UnitedHealthcare conducts a

13  substantial amount of business in this judicial district.  Venue is also proper in this

14  judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to

15  ERISA actions) because the subject claims were administered in this judicial

16  district, the breach took place in this judicial district, UnitedHealthcare regularly

17  communicates with members/insureds who reside in this judicial district,

18  UnitedHealthcare regularly communicates with health care providers who render

19  substance use disorder and mental health treatment services to the members/insureds

20  in this judicial district, and/or UnitedHealthcare is found in this judicial district.

21                                    **PARTIES**

22         13.    Plaintiff Ryan S. ("Plaintiff") is a citizen of the State of California and

23  currently resides in Encinitas, California.  During times relevant herein, Plaintiff

24  resided and received treatment for a substance use disorder at an out-of-network

25  program located in Orange County, California.  Plaintiff is a participant/beneficiary

26  in group health plan (Group No.: 193843; Member ID.: 003101379) governed by

27  ERISA and insured and administered by UnitedHealthcare.  The plan pays benefits

28  for out-of-network substance use disorder and mental health treatment, including,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

COMPLAINT

but not limited to, detoxification and residential treatment, partial hospitalization, intensive outpatient and outpatient treatment, counseling and behavioral therapies, and clinical laboratory services, at seventy percent (70%) of covered charges.

14.     On information and belief, Defendant UnitedHealth Group Inc. ("UHG") is a Delaware corporation which conducts insurance operations throughout California.  UHG issues health insurance and issues, administers, and makes coverage and benefit determinations, and develops and applies guidelines in making these benefit determinations related to ERISA health care plans nationally through its various wholly-owned and controlled subsidiaries, including, but not limited to, Defendants United HealthCare Services, Inc., United HealthCare Insurance Company, UNC of California, United HealthCare Services LLC, United Behavioral Health, Inc., OptumInsight, Inc., Optum Services, Inc. and Optum, Inc.  UHG operates as and owns the trademark "UnitedHealthcare."

15.     On information and belief, Defendant United HealthCare Services, Inc. ("UHS") is a Minnesota corporation which conducts insurance operations throughout California.  UHS provides health benefit programs for individuals and families, employers, military service personnel, retirees and their families, and serves as the operating division of UHG and its subsidiaries and affiliates.

16.     On information and belief, Defendant United Healthcare Insurance Company ("UHI") is a Connecticut corporation which conducts insurance operations throughout California.  UHI underwrites many of the UnitedHealthcare individual and family insurance products and participates in the claims administration process related to plans insured and/or administered by UHG and its subsidiaries and affiliates.

17.     On information and belief, Defendant UHC of California d/b/a United Health Care of California ("UHCC") is a California corporation located in Cypress, California.  UHCC conducts administration process and coverage determinations on plans insured/administered by UHG and its subsidiaries and affiliates.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

COMPLAINT

18. On information and belief, Defendant UnitedHealthcare Service LLC ("UHSLLC") is a Delaware limited liability company with its principal office in Cypress, California.  UHSLLC provides administrative, financial and managerial services to UHG and its subsidiaries and affiliates.

19. On information and belief, Defendant United Behavioral Health, Inc. ("UBH") is a California corporation with its principal place in San Francisco, California.  UBH provides and/or manages mental health and substance use disorder benefits for members/insureds of UHG and its subsidiaries and affiliates, and is responsible for making benefit coverage determinations for mental health and substance use disorder services that are provided to said members/insureds.  UBH sometimes operates as OptumHealth Behavioral Solutions and under the brand name Optum U.S. Behavioral Health, California, doing business as OptumHealth Behavioral Solutions of California.

20. On information and belief, Defendant OptumInsight, Inc. ("OII") is a Delaware corporation which conducts insurance operations throughout California.  OII, formerly known as Ingenix, provides health care data management for UBH and its subsidiaries and affiliates.

21. On information and belief, Defendant Optum Services, Inc. ("Optum") is a Delaware corporation which conducts insurance operations throughout California.  Optum is a health services business serving the health care marketplace, including payers and health care providers, and provides shared claim handling and processing services for UHG and its subsidiaries and affiliates.  Optum sometimes operates as Optum and Optum Shared Solutions.

22. On information and belief, Defendant Optum, Inc. ("OI") is a Delaware corporation which conducts insurance operations throughout California.  OI is a health services business serving the health care marketplace, including payers and UHG and its subsidiaries and affiliates, through its OptumHealth, OptumInsight and OptumRx businesses.

COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

23.     Each of the Defendants is, and was at all times relevant to this action, the agent, servant, representative, or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, each of the Defendants was acting in the scope of its authority as such agent, servant, representative, or alter ego, and with the permission and consent of each of the other Defendants.  Plaintiff is informed and believes, and based thereon alleges, that a unity of interest and ownership exists between the Defendants, and that Defendants share common ownership, management, places of business and operate as a single enterprise.

24.     Defendants (collectively "UnityedHealthcare"), at all times relevant to this action, engaged in fiduciary activities within the meaning of ERISA by, among other things, insuring, administering and deciding substance use disorder and mental health claims under the governing ERISA plan documents.

25.     Each Defendant breached its duties as an ERISA fiduciary under ERISA Section 404, 29 U.S.C. § 1104, and/or knowingly participated in the fiduciary breaches of the other Defendants, furthered their breaches or knowingly failed to correct those breaches, in violation of ERISA Section 405, 29 U.S.C. § 1105.

## ERISA AND MENTAL HEALTH AND SUBSTANCE USE DISORDER PARITY

26.     ERISA is a remedial statute designed to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting forth "standards of conduct, responsibility, and obligation for fiduciaries of plans."  29 U.S.C. § 1001(b).  To that end, ERISA mandates that plan fiduciaries operate plans prudently and in the sole interests of the plan participants and beneficiaries, for the exclusive purpose of providing benefits to the participants and beneficiaries and defraying reasonable plan expenses, and in accordance with plan terms to the extent that the terms do not otherwise conflict with ERISA.  29 U.S.C. § 1104(a)(1)(A), (B), (D).  ERISA also requires plan fiduciaries to provide both adequate written

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 11 -

## COMPLAINT

notice of the reasons for any denial of benefits and the opportunity to obtain full and fair review of any denial. *Id.* § 1133. Moreover, as relevant here, ERISA empowers plan participants and beneficiaries to sue in federal court to enjoin any act that violates Title I of ERISA or the terms of the plan, or to obtain other appropriate equitable relief to remedy any such violation or to enforce any or the provision of Title I or the terms of the plan. *Id.* § 1132(a)(3).

27. In addition, ERISA contains provisions that mandate parity in mental health and substance use disorder benefits, which were enacted as part of the MHPAEA and expanded in the PPACA. These provisions require that any benefits for mental health and substance use disorders offered under an ERISA-covered health care plan are on a par with other medical and surgical benefits. 29 U.S.C. § 1185a. MHPAEA forbids plans and plan fiduciaries from imposing more restrictive financial requirements, such as deductions and copayments and treatment limitations on mental health and substance use disorder benefits than on other medical and surgical benefits. *Id.* at § 1185a(a)(3)(A)((i)-(ii), (B)(i). "The term 'treatment limitation' includes limits on the frequency of treatment, number of visits, days of coverage, or other similar limits on the scope or duration of treatment." *Id.* at § 1185a(a)(3). Additionally, the MHPAEA regulations explain that ERISA's parity requirements bar not only "quantitative" treatment limitations, which are "expressed numerically," but also "nonquantitative" treatment limitations, which "otherwise limit the scope or duration of benefits for treatment under a plan." 29 C.F.R. § 2590.712(a).

## **STATEMENT OF THE CASE**

### **Plaintiff's Treatment**

28. Plaintiff is a person in recovery from a substance use disorder. In or around October 2016, Plaintiff sought and was admitted into treatment for a substance use and mental health disorder at an out-of-network outpatient treatment program in Orange County, California. Plaintiff successfully completed the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   program on or about November 17, 2017.  Thereafter, Plaintiff had a substance use

2   disorder recurrence and, in or around September 2018, Plaintiff sought and was

3   admitted into treatment at an out-of-network detoxification and residential treatment

4   facility in Riverside County, California, followed with continuing care at an out-of-

5   network outpatient treatment program in San Diego County, California.  Plaintiff's

6   treatment included, but was not limited to, detoxification and residential treatment,

7   partial hospitalization ("PHP"), intensive outpatient ("IOP"), outpatient ("OP"),

8   counseling, behavioral therapies, case management services, and clinical laboratory

9   services.

10          29.    UnitedHealthcare's substance use disorder and mental health access,

11  coverage and claims-handling policies, practices and decisions as a whole violate

12  ERISA and the plan documents.  For instance, Plaintiff is informed and believes,

13  and based thereon alleges, that UnitedHealthcare refused to authorize access and

14  coverage for detoxification and residential substance use disorder treatment because

15  the facility did not have an *optional* state incidental medical license.[10]  Plaintiff is

16  also informed and believes, and based thereon alleges, that UnitedHealthcare

17  required pre-authorization for PHP and IOP treatment and then limited the number

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

---

[10]  Cal. Health & Safety Code § 11834.026(a).  Moreover, California law provides
that health insurers may not "in any manner … direct, participate in, or control the
selection of the hospital or health facility … from who the insured secures services
… except that an insurer may negotiate and enter into contracts for alternative rates
of payment with institutional providers, and offer the benefit of these alternative
rates to insures who select these providers."  Cal. Ins. Code § 10133.

of treatment days at each level of care.[11]   Plaintiff is further informed and believes,

and based thereon alleges, that UnitedHealthcare reimbursed PHP and IOP levels of

care at two percent (2%) of covered charges.  Moreover, Plaintiff is informed and

believes, and based thereon alleges, that UnitedHealthcare refused to reimburse OP

claims and refused to reimburse claims for breathalyzer tests, counseling services

and services of treatment case managers.  Further, Plaintiff is informed and believes,

and based thereon alleges, that UnitedHealthcare refused to pay for claims at all

levels of care based on purported overpayments for substance use disorder treatment

of other patients covered by other UnitedHealthcare plans.  In addition, Plaintiff is

also informed and believes, and based thereon alleges, that UnitedHealthcare

refused to pay for clinical laboratory claims as either beyond the numerical

limitation and/or simply not covered or reimbursable.  Plaintiff is also informed and

believes, and based thereon alleges, that UnitedHealthcare made payments on claims

based on inapplicable Medicare rates and demanded refunds on other claims that it

asserts should have been paid at inapplicable Medicare rates.[12]   Plaintiff's treatment

authorization, coverage and claims were appealed to UnitedHealthcare to no avail

and/or the administrative remedies were exhausted or otherwise excusable as futile.

[11]   Under California law, once a health insurer authorizes a specific type of treatment covered under a plan and the provider has provided that treatment in good faith and pursuant to the authorization, the insurer cannot rescind or modify that authorization for any reason.  Cal. Ins. Code § 796.04; Cal. Health & Safety Code § 1371.8.  Moreover, California law requires that where health insurers cannot provide their members/insureds access to needed healthcare providers on an "in-network" basis, the insurers shall pay any "out-of-network" provider the amounts necessary to limit the out-of-pocket cost to the patient as if an in-networker provider had provided the same treatment and services.  In effect, this makes an out-of-network provider eligible to receive almost 100 percent of its billed charges.  Cal. Ins. Code § 10133.5; Cal. Code Regs. tit. 10, § 2240.1.  Further, health insurers are required to reimburse health care providers at almost 100 percent of the billed charges for emergency services.  Cal. Ins. Code § 10112.7; Cal. Health & Safety Code § 1317; Cal. Code Regs., tit. 28, § 1300.67.

[12]   The California Department of Insurance found and concluded in its July 23, 2018 Order to Show Cause *In the Matter of the Certificate of Authority of Health Net Life Insurance Company* (CDI File No. UPA-2016-00005), that Medicare does not provide a rate for inpatient or outpatient substance use disorder treatment provider charges and that substituting a bundled per diem Medicare rate for such treatment charges violates state and federal parity laws.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

COMPLAINT

30.    Plaintiff is informed and believes, and based thereon alleges, that UnitedHealthcare's objective is to deny members/insureds access and coverage for critically-needed substance use disorder detoxification and residential treatment, limit the number of authorized PHP and IOP substance use disorder treatment days, rush the member/insured into OP substance use disorder treatment, refuse to reimburse OP claims, underpay all other substance use disorder and mental health treatment claims, and then demand refunds on paid claims and subject the remaining claims to improper cross-plan offsets and inapplicable Medicare rates, all in violation of ERISA and the plan documents and to the detriment of its members/insureds in need of life-saving substance use disorder treatment.

**UnitedHealthcare's Violative Conduct**

31.    As described herein, in an effort to increase its bottom line at the expense of plan participants and beneficiaries who have sought and received life-sustaining and life-saving treatment and continuing care for substance use and mental health disorders, UnitedHealthcare has and continues to breach its duties as an ERISA fiduciary and is engaged in at least seven behaviors that violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents.

32.    First, UnitedHealthcare has and continues to refuse to authorize access and coverage for critically-needed detoxification and residential treatment for patients with substance use disorders when a facility does not have an *optional* state license.  This categorical and unwarranted refusal to authorize and cover detoxification and residential treatment violates the governing plan documents, which, upon information and belief, mandate only that residential facilities obtain required state licensing, and additionally violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions.

33.    Second, UnitedHealthcare has and continues to impermissibly require members/insureds to obtain pre-authorization for two types of outpatient substance

COMPLAINT

use disorder treatment – PHP and IOP – and will only authorize a limited number of days that once exceeded, results in an automatic denial of further benefits regardless of medical need.  This unwarranted and restrictive pre-authorization requirement violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents, because, upon information and belief, UnitedHealthcare does not require pre-authorization for outpatient treatment on the medical and surgical side.  Moreover, in placing a numerical limitation on the number of days of PHP and IOP substance use disorder treatment that it will authorize, UnitedHealthcare is imposing an impermissible quantitative treatment limitation that, upon information and belief, UnitedHealthcare does not place on treatment on the medical and surgical side and, as such, violates ERISA, including ERISA's loyalty and parity provisions, as well as the plan documents.

34.     Third, UnitedHealthcare has and continues to impermissibly refuse to pay for OP treatment for patients with substance use disorders and this categorical and unwarranted refusal violates the governing plan documents, which cover the treatment of mental health and substance use disorders, and additionally violates ERISA, including ERISA's loyalty and parity provisions.

35.     Fourth, UnitedHealthcare has and continues to unlawfully refuse to pay for substance use disorder treatment claims for patients under one plan based on purported overpayments to providers for substance use disorder treatment of patients covered by other plans.  This cross-plan offsetting is not authorized by and violates the terms of the governing plan documents, as well as ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions.  *See Peterson v. UnitedHealth Group, Inc.*, 913 F.3d 769, 776 (8th Cir. 2019) (rejecting UnitedHealthcare's interpretation of its plans as permitting cross-plan offsetting).

36.     Fifth, UnitedHealthcare has and continues to refuse to pay for breathalyzer tests, counseling services and the services of treatment case managers.

COMPLAINT

This categorical and unwarranted refusal violates the governing plan documents, which do not exclude such treatment services, and additionally violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions.

37.     Sixth, UnitedHealthcare has and continues to impermissibly limit the number of clinical laboratory tests for substance use disorder patients for whom it will pay benefits and/or flat-out refuse to reimburse laboratory services for patients with substance use disorders.  This numerical limitation is an impermissible quantitative treatment limitation that, upon information and belief, UnitedHealthcare does not place on laboratory services on the medical and surgical side and, as such, violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents. UnitedHealthcare's refusal to pay for clinical laboratory services for patients with substance use disorders also violates the governing plan documents, which cover the treatment of mental health and substance use disorders and laboratory services, and additionally violates ERISA, including ERISA's loyalty and parity provisions.

38.     Seventh, when UnitedHealthcare has paid for substance use disorder and mental health treatment, UnitedHealthcare has and continues to systematically and willfully underpay the claims, including by making payments based on inapplicable Medicare rates and by demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates.  UnitedHealthcare's systematic practice of placing profits over patients and the wellbeing and health of its members/insureds, violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents, and has and continues to place a heavy financial burden on the members/insureds and the health care providers and professionals rendering life-sustaining and life-saving substance use disorder treatment during the midst of the opioid epidemic.

## CLASS ACTION ALLEGATIONS

39.     UnitedHealthcare insures, administers, manages and serves as the claims fiduciary for thousands of ERISA benefit plans.  Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.").

40.     Plaintiff seeks to represent the Class composed of and defined as follows:

> All participants in or beneficiaries under an ERISA plan
> insured and/or administered by UnitedHealthcare, who
> made claims for substance use disorder and mental health
> and laboratory benefits for treatment or services in
> California on or after July 11, 2013.

41.     Plaintiff and the Class Members reserve the right under Fed. R. Civ. Proc. 23(c)(1)(C) to amend or modify the Class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

42.     This action has been brought and may be properly maintained as a Class Action under the provisions of Fed. R. Civ. Proc. 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

43.     The Class Members can be objectively ascertained through the use of information contained in UnitedHealthcare's files because UnitedHealthcare knows what ERISA health care plans it administers, manages and insures, the number and identities of the participants and beneficiaries in these plans, what coverage and authorization determinations it has made, what type of claims participants and beneficiaries in those plans have filed, and how those claims were adjudicated.

44.     The Class meets all of the requirements of Fed. R. Civ. Proc. 23 as follows:

### Numerosity

45.     The potential members of the proposed Class as defined herein are so numerous that joinder of all the members of the proposed Class is impracticable.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    While the precise number of proposed Class Members has not been determined at

2    this time, Plaintiff is informed and believes that the proposed Class is composed of

3    thousands of persons dispersed throughout California and the United States and

4    joinder is impractical.  The precise number and identity of Class Members are

5    unknown to Plaintiff but can be obtained from UnitedHealthcare's records.

6       **Commonality**

7       46.    There are questions of law and fact common to the proposed Class that

8    predominate over any questions affecting only the individual Class Members.  These

9    common questions of law and fact include, without limitation:

10              a.     Whether UnitedHealthcare's refusal to authorize access to and

11   coverage for critically-needed detoxification and residential treatment for patients

12   with substance use disorders based on an inapplicable state licensing requirement

13   violates ERISA, including ERISA's loyalty and mental health and substance use

14   disorder parity provisions, as well as the governing plan documents;

15              b.     Whether UnitedHealthcare's requirement that members/insureds

16   obtain pre-authorization for PHP and IOP substance use disorder treatment and then

17   only authorizing a pre-set number of treatment days violates ERISA, including

18   ERISA's loyalty and mental health and substance use disorder parity provisions, as

19   well as the governing plan documents;

20              c.     Whether UnitedHealthcare's refusal to pay for OP substance use

21   disorder treatment services violates ERISA, including ERISA's loyalty and mental

22   health and substance use disorder parity provisions, as well as the governing plan

23   documents;

24              d.     Whether UnitedHealthcare' refusal to pay for substance use

25   disorder treatment claims for patients under one plan based on purported

26   overpayments for substance use disorder treatment of patients covered by other

27   plans (*e.g.*, cross-plan offsetting) violates ERISA, including ERISA's loyalty and

28   parity provisions, as well as the governing plan documents;

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 19 -
COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

e.     Whether UnitedHealthcare's refusal to pay for breathalyzer tests, counseling services and the services of case managers provided by substance use disorder treatment providers violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

f.     Whether UnitedHealthcare's numerical limit on the number of clinical laboratory tests it covers and/or refusal to reimburse laboratory services for insured patients with substance use disorders violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

g.     Whether UnitedHealthcare's systematic and willful underpayment and refusal to reimburse substance use disorder treatment claims per the plan documents and law, including payments based on inapplicable Medicare rates and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates, violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; and

h.     Whether, and the extent to which, UnitedHealthcare profited from its violations of ERISA and other fiduciary breaches.

**Typicality**

47.     The claims of the named Plaintiff are typical of the claims of the proposed Class.  Plaintiff and all members of the proposed Class were injured by and sustained damages arising out of and caused by UnitedHealthcare's common course of conduct in violation of law and the governing plan documents as alleged herein.  Plaintiff's claims are thereby representative of, and largely co-extensive with, the claims of the Class Members.

COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**Adequacy of Representation**

48.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class.

49.     There are no conflicts between the interests of Plaintiff and those of other members of the Class, and Plaintiff is cognizant of his duties and responsibilities to the entire Class.

50.     Plaintiff has engaged the services of counsel indicated below who are experienced in litigating large and complex class actions, including ERISA class actions, and will adequately prosecute this Class Action, and will assert and protect the rights of and otherwise represent Plaintiff and absent Class Members.

**Type of Class Action**

51.     This action is maintainable as a Class Action under Fed. R. Civ. Proc. 23(b)(1) because prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the Class, or adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

52.     Specifically, separate actions by individual Class Members could produce varying adjudications as to, *inter alia*, UnitedHealthcare's: (a) refusal to authorize access to and coverage for critically-needed detoxification and residential treatment for patients with substance use disorders based on an inapplicable state licensing requirement violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (b) requirement that members/insureds obtain pre-authorization for PHP and IOP substance use disorder treatment and then only authorizing a pre-set number of days violates ERISA, including ERISA's loyalty and mental health and

substance use disorder parity provisions, as well as the governing plan documents; (c) refusal to pay for OP substance use disorder treatment violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (d) refusal to pay for substance use disorder treatment claims for patients under one plan based on purported overpayments to providers for substance use disorder treatment of patients covered by other plans (*e.g.*, cross-plan offsetting) violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;(e) refusal to pay for breathalyzer tests, counseling services and the services of treatment case managers violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (f) numerical limit on the number of clinical laboratory tests it covers and/or refusal to reimburse laboratory services for insured patients with substance use disorders violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (g) systematic and willful underpayment and refusal to reimburse substance use disorder treatment providers per the plan documents and law, including payments based on inapplicable Medicare rates and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates, violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; and (h) whether, and the extent to which, UnitedHealthcare has profited from its violations of ERISA and other fiduciary breaches.

53.     This action is maintainable as a Class Action under Fed. R. Civ. Proc. 23(b)(2) because UnitedHealthcare has acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate monetary, injunctive and other equitable relief in favor of the Class.  In particular, UnitedHealthcare's actions – (a) refusing to authorize access to and coverage for critically-needed

detoxification and residential substance use disorder treatment based on an inapplicable state licensing requirement; (b) requiring members/insureds to obtain pre-authorization for PHP and IOP substance use disorder treatment and then only authorizing a pre-set number of treatment days; (c) categorically refusing to pay for OP substance use disorder treatment; (d) engaging in cross-plan offsetting; (e) refusing to pay for breathalyzer tests, counseling services and the services of treatment case managers; (f) placing a numerical limit on the number of clinical laboratory tests it will cover and/or refusing to reimburse laboratory services for patients with substance use disorders; and (g) underpaying and refusing to reimburse the members/insureds and their respective substance use disorder treatment providers per the plan documents and law, including substituting an improper Medicare rate payment methodology for inpatient and outpatient treatment service and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates– were systemic and are appropriately remedied through injunctive and other Class-wide equitable relief.

## CLAIM FOR RELIEF

### For Declaratory Relief, Injunctive
### and Other Equitable Relief, and Attorney's Fees
### (29 U.S.C. §§ 1132(a)(3), (g))

54.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

55.     At all times relevant, Plaintiff was a participant in or beneficiary of a health benefit plan insured, administered and/or underwritten by UnitedHealthcare and governed by ERISA.

56.     At all times, UnitedHealthcare collectively, and each of the Defendants individually, acted as fiduciaries under ERISA in deciding access, coverage and claims for benefits under the plan.  UnitedHealthcare is therefore required to act with the utmost prudence and loyalty in administering the Plaintiff's claims and the

COMPLAINT

1   claims of the putative Class Members, and to otherwise comply with the

2   requirements of ERISA, including the mental health and substance use disorder

3   parity laws and full and complete coverage and benefit procedures, and to comply

4   with terms and conditions of the ERISA plans themselves, in making coverage and

5   benefit determinations and processing claims on behalf of plan participants and

6   beneficiaries.

7         57.   UnitedHealthcare has and continues to repeatedly and systematically

8   violate these obligations and duties to Plaintiff and the Class Members during the

9   Class Period.  UnitedHealthcare has and is repeatedly violating ERISA, including

10  ERISA's loyalty and mental health and substance use disorder parity provisions, as

11  well as the governing plan documents, by: (a) refusing to authorize access to and

12  coverage for critically-needed detoxification and residential substance use disorder

13  treatment based on an inapplicable state licensing requirement; (b) requiring

14  members/insureds to obtain pre-authorization for PHP and IOP substance use

15  disorder treatment and then only authorizing a pre-set number of treatment days; (c)

16  categorically refusing to pay for OP substance use disorder treatment; (d) engaging

17  in cross-plan offsetting; (e) refusing to pay for breathalyzer tests, counseling

18  services and the services of treatment case managers; (f) placing a numerical limit

19  on the number of clinical laboratory tests it will cover and/or refusing to reimburse

20  laboratory services for patients with substance use disorders; and (g) systematically

21  and willfully underpaying and refusing to reimburse the members/insureds and their

22  respective substance use disorder treatment providers per the plan documents and

23  law, including substituting an improper Medicare rate payment methodology for

24  inpatient and outpatient treatment services and demanding refunds on claims that it

25  asserts should have been paid at inapplicable Medicare rates.

26        58.   To remedy UnitedHealthcare's wrongful conduct and breaches of its

27  duties under ERISA, Plaintiff is entitled to and hereby requests that this Court grant

28  the following relief pursuant to 29 U.S.C. § 1132(a)(3):

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

a.      An Order declaring that the practices of UnitedHealthcare described herein – including, but not limited to: (a) UnitedHealthcare's refusal to authorize access to and coverage for critically-needed detoxification and residential substance use disorder treatment based on an inapplicable state licensing requirement; (b) UnitedHealthcare's requirement that members/insureds obtain pre-authorization for PHP and IOP substance use disorder treatment and then only authorizing a pre-set number of treatment days; (c) UnitedHealthcare's categorical refusal to pay for OP substance use disorder treatment; (d) UnitedHealthcare's cross-plan offsetting practices; (e) UnitedHealthcare's refusal to pay for breathalyzer tests, counseling services and the services of treatment case managers; (f) UnitedHealthcare's numerical limit on the number of clinical laboratory tests it will cover and/or refusal to reimburse laboratory services for patients with substance use disorders; and (g) UnitedHealthcare's underpayments and refusal to reimburse members/insureds and their respective substance use disorder treatment providers per the plan documents and law, including UnitedHealthcare's substitution of an improper Medicare rate payment methodology for substance use disorder inpatient and outpatient treatment services and demands for refunds on claims that it asserts should have been paid at inapplicable Medicare rates – violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

b.      An order requiring UnitedHealthcare to reevaluate all claims for substance use disorder and related mental health and laboratory services and benefits of Class Members under an ERISA-compliant procedure and, where warranted, to pay the correct amounts on claims that were underpaid and/or not paid in violation of ERISA and the governing plan documents; and

c.      Disgorgement of profits that UnitedHealthcare has realized by virtue of its violations of ERISA and other fiduciary breaches.

59.   Plaintiff further seeks payment of attorney's fees and costs, which Plaintiff is entitled to have paid by UnitedHealthcare pursuant to 29 U.S.C. § 1132(g)(1).

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, request relief as follows:

1.   An Order certifying the proposed Class, appointing Plaintiff to represent the proposed Class, and designating Plaintiff's counsel as Class Counsel;

2.   An Order declaring that the practices of UnitedHealthcare described herein – including, but not limited to: (a) UnitedHealthcare's refusal to authorize access to and coverage for critically-needed detoxification and residential substance use disorder treatment based on an inapplicable state licensing requirement; (b) UnitedHealthcare's requirement that members/insureds obtain pre-authorization for PHP and IOP substance use disorder treatment and then only authorizing a pre-set number of treatment days; (c) UnitedHealthcare's categorical refusal to pay for OP substance use disorder treatment; (d) UnitedHealthcare's cross-plan offsetting practices; (e) UnitedHealthcare's refusal to pay for breathalyzer tests, counseling services and the services of treatment case managers; (f) UnitedHealthcare's numerical limit on the number of clinical laboratory tests it will cover and/or refusal to reimburse laboratory services for patients with substance use disorders; and (g) UnitedHealthcare's underpayments and refusal to reimburse members/insureds and their respective substance use disorder treatment providers per the plan documents and law, including UnitedHealthcare's substitution of an improper Medicare rate payment methodology for substance use disorder inpatient and outpatient treatment services and demands for refunds on claims that it asserts should have been paid at inapplicable Medicare rates – violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

COMPLAINT

3.     An injunction requiring UnitedHealthcare to reevaluate all claims for substance use disorder and related mental health and laboratory services and benefits of Class Members under an ERISA-compliant procedure and, where warranted, to pay the correct amounts on claims that were denied and/or underpaid in violation of ERISA and the governing plan documents;

4.     An order requiring that UnitedHealthcare disgorge profits it made by virtue of its misconduct, as described herein, with regard to the provision of substance use disorder and related mental health and laboratory services and benefits in violation of ERISA, MHPAEA, PPACA and any incorporated and applicable California insurance reimbursement provisions;

5.     An order awarding Plaintiff reasonable attorney's fees and costs, in amounts to be determined by the Court, pursuant to 29 U.S.C. § 1132(g);

6.     Payment of pre-judgment and post-judgment interest as allowed under ERISA; and

7.     For such other and further relief as this Court may deem just and proper.


Dated: July 11, 2019              **CALLAHAN & BLAINE, APLC**
                                  **KANTOR & KANTOR, LLP**


                                  By:    /s/ *Damon D. Eisenbrey*
                                  Damon D. Eisenbrey
                                  Attorneys for Plaintiff

COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM