UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RYAN S., individually on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, *et al.*,<br><br>            Defendants. | Case No. 8:19-cv-01363-JVS-KES<br><br>Honorable James V. Selna<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT]**<br><br>Complaint Served:    July 17, 2019<br>Trial Date:           Not Set |

1.  **INTRODUCTION**

    1.1  **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2  **GOOD CAUSE STATEMENT**

    This case involves individual and putative class allegations by Plaintiff Ryan S. that Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., United Healthcare Insurance Company, UHC of California, United HealthCare Services, LLC, and United Behavioral Health, OptumInsight, Inc., Optum Services, Inc., and Optum, Inc. (collectively, "United") violated ERISA and the terms of the ERISA-governed health benefit plans in which Plaintiff and putative class members were enrolled in various ways in connection with the processing, adjudication, and payment of requests for mental health and substance use benefits under the terms of Plaintiff's and putative class members' benefit plans. In light of these allegations, and the fact that this case is styled as a putative class action under Federal Rule of Civil Procedure 23, the parties agree that discovery in this action is likely to involve the disclosure of protected health information ("PHI") under the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"), including Substance Abuse Information under 42 C.F.R. Part 2, by reference to other publicly available information, or through verification of such identification by another person ("Protected Substance Abuse Information"), as well as information that may not constitute PHI or Substance Abuse Information but is nonetheless confidential, proprietary, trade secret, sensitive, or private.

2.     PRIVACY PROTECTIONS

The parties acknowledge that information produced in discovery may contain personal and health information subject to the protections of 42 C.F.R. Part 2, because it may identify a patient as an alcohol or drug abuser either directly, by reference to other publicly available information, or through verification of such identification by another person ("Protected Substance Abuse Information"). 42 C.F.R. Part 2 prohibits the use of Protected Substance Abuse Information as evidence in a non-criminal case without first providing notice to the patient and an opportunity to respond, unless, upon application by any person having a legally recognized interest in the disclosure, the Court issues an order authorizing the disclosure of the specified patient records. Additionally, under 45 C.F.R., part 164, the Department of Health and Human Services advises that the parties must make reasonable efforts to limit the use and disclosure of other PHI to the minimum necessary to accomplish the intended purpose.

The parties agree that Defendants will redact personally identifying information about the absent putative class members prior to producing Protected Substance Abuse Information to the extent practicable, including member names, addresses, dates of birth, social security numbers, and member or subscriber ID numbers. The parties recognize that the name of the members' health plan; the date(s) and location of treatment; and date(s) of benefit coverage determination(s) may be relevant to the parties' assessment of this case, and therefore agree that such information will not be redacted prior to production. The parties believe that, as

redacted, this discovery no longer constitutes Protected Substance Abuse Information, and reflects reasonable efforts to limit disclosure of PHI to the minimum necessary to accomplish the intended purpose of such disclosure in this litigation. However, nothing in this Stipulated Protective Order shall be construed as prohibiting the disclosure of other PHI to the extent that the parties agree such disclosure is reasonably necessary for the purpose of this litigation. In the event that Protected Substance Abuse Information or other PHI is disclosed within the unredacted portions of the discovery information, individual notice to the putative class members is deemed to be impractical and inadvisable and good cause for the order exists. The parties hereby request, and the Court hereby enters, an order authorizing disclosure of such information subject to the criteria and procedures specified in 42 C.F.R. § 2.64. The parties further agree, and the Court finds, that this Order is a Qualified Protective Order within the meaning of 45 C.F.R. § 164.512(e). To further protect such Protected Substance Abuse Information and other PHI, any disclosure of this information shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the associated protections and restrictions set forth in this Stipulated Protective Order.

Any party wishing to attach or reference individually-identifying information obtained from such Protected Substance Abuse Information (including but not limited to a member's health plan name, treatment facility or program name, and/or dates of treatment) in connection with any motion or other paper filed with this Court must file such information under seal.

3.    DEFINITIONS

3.1    <u>Action</u>: *Ryan S. v. UnitedHealth Group, et al.*, case number 8:19-cv-01363-JVS-KES.

3.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    <u>Confidential Personal Information</u>: means any document or

information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. "Confidential Personal Information" specifically includes "protected health information" ("PHI") as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"). "Confidential Personal Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Personal Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain "Confidential Personal Information." "Confidential Personal Information" shall also refer to information that qualifies as "Personal Information" or "Personally Identifiable Information" as defined in state privacy laws including but not limited to an individual's name in combination with a social security number, account number of other financial information, state ID number, or other information that could be used to identify a particular individual.

3.4    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.5    "HIGHLY CONFIDENTIAL" Information or Items: any Confidential information that any Party determines in good faith is particularly

sensitive, confidential, personal, and/or private, and/or the disclosure of which to persons other than those set forth in Section 7.3 below is reasonably likely to cause serious competitive harm or other harm.

3.6　Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

3.7　Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.8　Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.9　Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.10　House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11　Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.12　Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.13　Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record

(and their support staffs).

3.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Any use of Protected Material at trial will be governed by the orders of the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.   DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2   Manner and Timing of Designations. Except as otherwise provided in

this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL" legend), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Notwithstanding any other provision of this Stipulated Protective Order, nonpublic documents containing Confidential Personal Information shall be treated as if designated as "CONFIDENTIAL" in accordance with this Stipulated Protective Order without regard to any formal designation by the Producing Party.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

CROWELL
& MORING LLP
ATTORNEYS AT LAW

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for

such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

       7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

       7.2 <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1 *et seq*.

       7.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37-2, *et seq*. In addition, the Challenging Party may file a motion under Civil Local Rule 37-2, *et seq*. challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

     The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the

1 Producing Party's designation until the Court rules on the challenge.

2 8.     ACCESS TO AND USE OF PROTECTED MATERIAL

3     8.1     Basic Principles. A Receiving Party may use Protected Material that is

4 disclosed or produced by another Party or by a Non-Party in connection with this

5 Action only for prosecuting, defending, or attempting to settle this Action. Such

6 Protected Material may be disclosed only to the categories of persons and under the

7 conditions described in this Order. When the Action has been terminated, a

8 Receiving Party must comply with the provisions of section 14 below (FINAL

9 DISPOSITION).

10     Protected Material must be stored and maintained by a Receiving Party at a

11 location and in a secure manner that ensures that access is limited to the persons

12 authorized under this Order.

13     8.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless

14 otherwise ordered by the court or permitted in writing by the Designating Party, a

15 Receiving Party may disclose any information or item designated

16 "CONFIDENTIAL" only to:

17     (a)     the Receiving Party's Outside Counsel of Record in this Action, as

18 well as employees of said Outside Counsel of Record to whom it is reasonably

19 necessary to disclose the information for this Action;

20     (b)     the officers, directors, and employees (including House Counsel) of

21 the Receiving Party to whom disclosure is reasonably necessary for this Action;

22     (c)     Experts (as defined in this Order) of the Receiving Party to whom

23 disclosure is reasonably necessary for this Action and who have signed the

24 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25     (d)     the Court and its personnel;

26     (e)     court reporters and their staff;

27     (f)     professional jury or trial consultants, mock jurors, and Professional

28 Vendors to whom disclosure is reasonably necessary for this Action and who have

1    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2         (g)     the author or recipient of a document containing the information or a

3    custodian or other person who otherwise possessed or knew the information;

4         (h)     during their depositions, witnesses, and attorneys for witnesses, in the

5    Action to whom disclosure is reasonably necessary provided: (1) the deposing party

6    requests that the witness sign the form attached as Exhibit A hereto; and (2) they

7    will not be permitted to keep any confidential information unless they sign the

8    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

9    agreed by the Designating Party or ordered by the court. Pages of transcribed

10    deposition testimony or exhibits to depositions that reveal Protected Material may

11    be separately bound by the court reporter and may not be disclosed to anyone

12    except as permitted under this Stipulated Protective Order; and

13         (i)     any mediator or settlement officer, and their supporting personnel,

14    mutually agreed upon by any of the parties engaged in settlement discussions.

15         8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.

16    Unless otherwise ordered by the court or permitted in writing by the Designating

17    Party, a Receiving Party may disclose any information or item designated

18    "HIGHLY CONFIDENTIAL" only to:

19         (a)     the Receiving Party's Outside Counsel of Record in this Action, as

20    well as employees of said Outside Counsel of Record to whom it is reasonably

21    necessary to disclose the information for this Action;

22         (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably

23    necessary for this litigation, (2) who have signed the "Acknowledgment and

24    Agreement to Be Bound" (Exhibit A);

25         (c)     the Court and its personnel;

26         (d)     court reporters and their staff;

27         (e)     professional jury or trial consultants, mock jurors, and Professional

28    Vendors to whom disclosure is reasonably necessary for this Action and who have

1  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2    (f)    the author or recipient of a document containing the information or a

3  custodian or other person who otherwise possessed or knew the information;

4    (g)    during their depositions, witnesses, and attorneys for witnesses, in the

5  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

6  requests that the witness sign the form attached as Exhibit A hereto; and (2) they

7  will not be permitted to keep any confidential information unless they sign the

8  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

9  agreed by the Designating Party or ordered by the court. Pages of transcribed

10  deposition testimony or exhibits to depositions that reveal Protected Material may

11  be separately bound by the court reporter and may not be disclosed to anyone

12  except as permitted under this Stipulated Protective Order;

13    (h)    any mediator or settlement officer, and their supporting personnel,

14  mutually agreed upon by any of the parties engaged in settlement discussions; AND

15    (i)    designated in-house counsel of the Receiving Party (including in-

16  house counsel's support staff), provided that (1) disclosure to the designated in-

17  house counsel is reasonably necessary for this litigation, (2) the designated in-house

18  counsel has signed the "Acknowledgement And Agreement To Be Bound" (Exhibit

19  A), and (3) the designated in-house counsel is a licensed attorney admitted to

20  practice law in at least one state of the United States or the District of Columbia (or,

21  in the case of in-house counsel's support staff, that the support staff is subject to the

22  direct supervision of a licensed attorney, and the licensed attorney is not Outside

23  Counsel of Record).

24  9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

25  IN OTHER LITIGATION

26    If a Party is served with a subpoena or a court order issued in other litigation

27  that compels disclosure of any information or items designated in this Action as

28  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party will:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

11.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

///

///

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

This Order is entered pursuant to Federal Rule of Evidence 502(d) and (e). Inadvertent production of materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in this Order and in Federal Rule of Civil Procedure 26(b)(5)(B). Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the materials inadvertently produced and the basis for withholding such materials from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party must immediately take all commercially reasonable steps to return or destroy the Inadvertently Produced Privileged Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. Other than for an *in camera* review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved. The Parties will thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party

may seek a determination from the Court regarding whether the privilege applies. The Producing Person must preserve the Inadvertently Produced Privileged Information and the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the

Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

15. <u>WILLFUL VIOLATIONS</u>

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 27, 2019                    KANTOR & KANTOR

                                        By_____*/s/ Elizabeth Hopkins*_____
                                              Elizabeth Hopkins
                                              Attorneys for Plaintiff

DATED:  September 27, 2019                    CROWELL & MORING LLP

                                        By_____*/s/ Andrew Holmer*_____
                                              Jennifer S. Romano
                                              Mana Elihu Lombardo
                                              Andrew Holmer
                                              Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>September 26, 2019</u>        _____*Karen E. Scott*_____
                                        HON. KAREN E. SCOTT
                                        United States Magistrate Judge

CROWELL
& MORING LLP
ATTORNEYS AT LAW

STIPULATED PROTECTIVE ORDER;
CASE NO. 8:19-CV-01363-JVS-KES

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____

**[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *Ryan S. v. UnitedHealth Group, et al.*, case number 8:19-cv-01363-JVS-KES.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ **[full name]** of _____ **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

CROWELL & MORING LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATION

I, ANDREW HOLMER, am an attorney in the law firm of Crowell & Moring LLP, counsel of record for Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., United Healthcare Insurance Company, UHC of California, United HealthCare Services, LLC, and United Behavioral Health, OptumInsight, Inc., Optum Services, Inc., and Optum, Inc.   Under C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

Dated:    September 23, 2019          CROWELL & MORING LLP


                                    _____/s/  Andrew Holmer_____
                                         Andrew Holmer

                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on September 23, 2019, a true copy of the above document was filed through the Court's Case Management/ Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case.


Dated: September 23, 2019          CROWELL & MORING LLP


                                   _____/s/ Andrew Holmer_____
                                        Andrew Holmer

                                   *Attorneys for Defendants*