**CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (Bar No. 91490)
 dan@callahan-law.com
Edward Susolik (Bar No. 151081)
 es@callahan-law.com
Richard T. Collins (Bar No. 166577)
 rcollins@callahan-law.com
Damon D. Eisenbrey (Bar No. 215927)
 deisenbrey@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile:  (714) 241-4445

**KANTOR & KANTOR, LLP**
Lisa S. Kantor (Bar No. 110678)
 lkantor@kantorlaw.net
Elizabeth Hopkins (Bar No. 324431)
 ehopkins@kantorlaw.net
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff Ryan S., individually and on behalf
of all others similarly situated

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

RYAN S., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UNITEDHEALTH GROUP, INC., a Delaware corporation;
UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation;
UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation;
UHC OF CALIFORNIA, a California corporation;
UNITED HEALTHCARE SERVICES LLC, a Delaware limited liability company;
UNITED BEHAVIORAL HEALTH, INC., a California corporation;
OPTUMINSIGHT, INC., a Delaware corporation;

Case No.: 8-19-cv-01363-JVS-KES

**CLASS ACTION**

**THIRD AMENDED COMPLAINT FOR VIOLATIONS OF ERISA**

1  OPTUM SERVICES, INC, a Delaware
   corporation; and
2  OPTUM, INC., a Delaware corporation,

3                    Defendants.

4

5          Plaintiff Ryan S. ("Ryan"), individually and on behalf of all others similarly

6   situated, herein complains against Defendants UnitedHealth Group, Inc., United

7   HealthCare Services, Inc., United HealthCare Insurance Company, UHC of

8   California, United HealthCare Services LLC, United Behavioral Health, Inc.,

9   OptumInsight, Inc., Optum Services, Inc., and Optum, Inc. (collectively

10  "UnitedHealthcare" or "Defendants"), as follows:

11                            **INTRODUCTION**

12         1.     This action is brought by a participant in an ERISA-covered healthcare

13  plan insured and administered by UnitedHealthcare who sought and obtained

14  critically needed substance use disorder and mental health treatment.  Over the

15  course of almost two years, Ryan was unable, time and again, to obtain timely

16  access to and coverage for the cost of his medically necessary treatment because of

17  UnitedHealthcare's unfair, unreasonable, systematic practices and policies with

18  respect to access, coverage, and handling of claims for substance use disorder

19  treatment.  Ryan challenges UnitedHealthcare's policies, practices, and decisions as

20  a whole on the basis of many dozens of unwarranted denials, improper offsets

21  and/or significant underpayments of his claims for outpatient treatment, laboratory

22  testing, and related services in California for his substance use disorder treatment

23  beginning in May 2017 until June 2019, when he successfully completed treatment.

24         2.     The good news is that Ryan was able to obtain the treatment he needed

25  to attain recovery.  The bad news is that UnitedHealthcare's systematic and

26  unwarranted denials of all his claims for payment for his treatment left him on the

27  hook for hundreds of thousands in unpaid bills.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 1 -
THIRD AMENDED COMPLAINT

3.      As detailed herein, UnitedHealthcare's access, coverage, and claims-handling policies, practices, and decisions for substance use disorder treatment and laboratory services violate the Employee Retirement Income Security Act of 1974 ("ERISA"), including ERISA's loyalty and mental health and substance use disorder parity provisions, the Patient Protection and Affordable Care Act of 2010 ("ACA") and its core package of essential health benefits, as well as the governing plan documents, which promise treatment of medically necessary substance use disorder and mental health treatment.

4.      UnitedHealthcare's access, coverage, and claims-handling policies, practices, and decisions for substance use disorder treatment and laboratory services for individuals in treatment for a substance use disorder stand as obstacles to plan participants and beneficiaries obtaining the substance use disorder treatment to which they are entitled under the terms of their plans and the governing law. Accordingly, Ryan seeks an order declaring that UnitedHealthcare's improper practices violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, the ACA and its core package of essential health benefits, as well as the governing plan documents; an order requiring UnitedHealthcare to reevaluate all claims of Ryan and all Class Members who received substance use disorder treatment and related laboratory services under an ERISA-compliant procedure and, where warranted, to pay the correct amounts on claims that were not paid, clawed back or that were underpaid in violation of ERISA and the plan documents; an order requiring UnitedHealthcare to remove its unlawful barriers to access to substance use disorder treatment and laboratory services for individuals in treatment for a substance use disorder; an order requiring UnitedHealthcare to disgorge the profits it has realized by virtue of its violations of ERISA and other fiduciary breaches; an order awarding Ryan reasonable attorney's fees and costs; and other injunctive and appropriate equitable relief to remedy UnitedHealthcare's violations of ERISA and other fiduciary breaches.

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

5.      The importance of this action cannot be overstated given that now, as never before, there is a critical need for access to treatment for substance use disorders.  The Substance Abuse and Mental Health Services Administration ("SAMHSA") estimates that in 2014, 20.2 million adult Americans, or 8.4 percent of the adult population suffered from a substance use disorder within the past year.[1] According to the President's Commission on Combatting Drug Addiction and the Opioid Crisis (November 2017), heroin overdose deaths increased four-fold from 2010 to 2015, while overdose deaths due to prescription opioids consistently outpaced even the disturbingly high heroin overdose rates.[2]  Drug overdoses now cause more deaths than either car accidents or guns, and those suffering from substance use disorders are at the highest risk for premature death.

6.      On average, 130 Americans die every day from an opioid overdose. The opioid crisis has and continues to destroy lives and devastate families and communities.  It is the deadliest drug crisis in United States history and it is only getting worse.[3]  In 2017 alone, California lost 2,196 lives to the opioid epidemic.[4] Timely access to life-sustaining and life-saving treatment and continuing care for substance use disorders is critical to preventing these deaths and allowing people to

---

[1]  *See* Rachel N. Lipari & Struther L. Van Horn, Trends in Substance Use Disorders in Adults 18 and Older (June 29, 2017), retrieved on May 23, 2019 from https://www.samhsa.gov/data/sites/default/files/report_2790/ShortReport-2790.html.

[2]  *See* President's Commission on Combatting Drug Addiction and the Opioid Crisis, Final Report, at p. 32, retrieved on May 23, 2019 from https://www.whitehouse.gov/sites/whitehouse.gov/files/images/Final_Report_Draft_11-15-2017.pdf.

[3]  *See* Centers for Disease Control and Prevention, Understanding the Epidemic, retrieved on May 28, 2019 from https://www.cdc.gov/drugoverdose/epidemic/index.html.

[4]  *See* California Department of Public Health, Patterns of Opioid-Related Overdose Deaths in California, 2011-2017 (March 2019), retrieved on June 12, 2019 from https://www.cdph.ca.gov/Programs/CCDPHP/DCDIC/SACB/CDPH%20Document%20Library/Prescription%20Drug%20Overdose%20Program/Injury%20Data%20Brief%20Opioid%20Overdose%20Deaths%202011-2017_ADA.pdf.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

achieve long-term recovery and to return to their families, friends, and communities as healthy, productive and contributing members of society.[5]

7.    Addiction is recognized as a chronic, relapsing brain disorder characterized by compulsive drug seeking, continued use despite harmful consequences, and long-lasting changes in the brain.  Addiction is considered both a complex brain disorder and a mental illness.  The brain changes can be long lasting and can lead to many harmful, often self-destructive, behaviors.  Addiction is the most severe form of a full spectrum of substance use disorders, and is a medical illness caused by repeated misuse of a substance or substances.[6]  Without treatment and engagement in recovery activities, addiction is progressive and can result in unemployment, homelessness, disability, and premature death.

8.    Substance use disorder treatment is difficult and the challenges of recovery from addiction are many, which can involve cycles of recurrence and remission before long-term recovery is realized.  Timely access to treatment and continuing care, including detoxification and residential treatment, intensive outpatient and outpatient services, counseling and behavioral therapies, social support and supportive sober living environments, are critical for people to recover

_____

[5]  The human impact of the opioid epidemic – from babies born dependent, the emotional toll on individuals with a substance use disorder, and that of their families and communities, to the tens of thousands of lives cut short each year – has been tremendous.  Now, reports show that the economic impact has been just as shocking, with the drug crisis costing the U.S. economy $1 trillion since 2001 and likely to cost the economy an additional $500 billion by 2020 if the current rates of addiction and overdose remain steady.  *See* Altarum, Solutions to Advance Health: Economic Toll of Opioid Crisis in U.S. Exceeded $1 Trillion Since 2001 (February 13, 2018), retrieved on June 5, 2019 from https://altarum.org/news/economic-toll-opioid-crisis-us-exceeded-1-trillion-2001.

[6]  *See* National Institute of Drug Addiction, The Science of Drug Use and Addiction: The Basics, retrieved on May 29, 2019 from https://www.drugabuse.gov/publications/media-guide/science-drug-use-addiction-basics; *see also*, American Society of Addiction Medicine, Public Policy Statement: Definition of Addiction, retrieved on June 13, 2019 from https://www.asam.org/docs/default-source/public-policy-statements/1definition_of_addiction_long_4-11.pdf?sfvrsn=a8f64512_4.

- 4 -

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

from addiction and reclaim active and meaningful lives.  Clinical laboratory services are recognized as an appropriate and important diagnostic procedure in substance use disorder and mental health treatment as such services promote prevention, diversion, early detection, and lifelong recovery from addiction.  Laboratory testing is designed to provide accurate results that help physicians and treatment clinicians create a scientifically designed drug monitoring strategy for optimal treatment outcomes, which includes testing for accurate prescription therapy and medication assisted treatment.[7]

9.    Families, individuals and businesses pay for health insurance to help cover the costs of health care, including the costs of substance use disorder and mental health treatment.  Health insurance is supposed to provide people with peace of mind and security, and provide them with access and options for life-sustaining and life-saving health care while preventing families and individuals from experiencing financial crises, such as bankruptcy or home foreclosure, or being forced to choose between paying for rent, utilities, and food or paying for necessary health care costs.

10.    Traditionally, insurers and employers have covered treatment for mental health conditions, including substance use disorders, less favorably than treatment for physical health conditions, including higher cost-sharing obligations for patients, more restrictive limits on the number of inpatient days and outpatient visits, and more onerous prior authorization requirements.  To address this unequal treatment, Congress first passed a mental health parity law in 1996, and many states followed suit in the following decade by passing laws of their own.  Among other limitations, however, the 1996 act did not address the treatment of substance use

---

[7] *See* American Society of Addiction Medicine, Public Policy Statement on Drug Testing as a Component of Addiction Treatment and Monitoring Programs and in other Clinical Settings, retrieved on May 29, 2019 from https://www.asam.org/docs/default-source/public-policy-statements/1drug-testing---clinical-10-10.pdf.

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

disorders.  Congress addressed this gap in passing the historic Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA"), 42 U.S.C. § 300gg-26, which, among other things, prohibits most plans governed by ERISA, 29 U.S.C. §§ 1001 *et seq.*, from imposing different treatment limits, cost-sharing, and in-network and out-of-network coverage on mental health and substance use disorder treatment than are imposed on other medical and surgical services.[8]  Furthermore, ERISA requires fiduciaries to act solely in the interests of plan participants and beneficiaries, and to decide coverage and claims for health care benefits in accordance with the plan documents and the law, and under a full and fair procedure.

11.    The ACA, 42 U.S.C. §§ 18001, *et seq.*, requires a range of health plans, both inside and outside of the exchanges, to provide a core package of essential health benefits including mental health and substance use disorder services and laboratory services.  42 U.S.C. § 18022.  The ACA extends the impact of the MHPAEA so that many health plans must offer coverage for mental health and substance use disorder services and laboratory services with at least an equal level of benefits as the plans offer for the treatment of medical and surgical benefits.  Despite these statutory requirements enshrined in ERISA, MHPAEA and the ACA, and the obvious individual and public health interests in timely access to and coverage for substance use disorder treatment that these provisions are meant to protect, President Donald J. Trump's commission on the opioid crisis concluded in its November 2017 report that "health insurers are not following the federal law

---

[8]  California has its own Mental Health Parity Act ("MHPA"), codified in Insurance Code section 10144.5 and Health and Safety Code section 1374.72, which, like the MHPAEA, requires mental health care coverage to be provided "under the same terms and conditions applied to other medical conditions."  California law also requires health care plans to "provide all covered mental health and substance use disorder benefits in compliance with the [MHPAEA] and all rules, regulations, and guidance issued" pursuant to federal laws.  Cal. Ins. Code §§ 10144.4, 10112.27; Cal. Health & Safety Code § 1374.76.

THIRD AMENDED COMPLAINT

1  requiring parity in the reimbursement for mental health and addiction [;] [t]hey must
2  be held responsible."[9]

3       12.    This case seeks to do precisely that. UnitedHealthcare collectively, and
4  each of the Defendants individually, are engaged in unfair, unreasonable,
5  incomplete, and systematic policies, practices, and decisions that have and continue
6  to result in the unlawful denial, underpayment, delay, refund demands, and/or flat-
7  out refusal to authorize and decide access, coverage, and claims for substance use
8  disorder treatment of individuals whose ERISA plans promise, and the law requires,
9  to provide access to and coverage for such services and benefits.
10 UnitedHealthcare's systematic practices have and continue to also result in
11 restrictive prior authorization requirements and restrictive limits on the number of
12 substance use disorder treatment days and laboratory tests for individuals in
13 treatment for a substance use disorder. UnitedHealthcare's access, coverage, and
14 claims-handling policies, practices, and decisions are imposing unlawful barriers
15 between patients and life-saving substance use disorder treatment they desperately
16 need. And UnitedHealthcare is doing this in the middle of an opioid epidemic!
17 UnitedHealthcare's impermissible barriers to substance use disorder treatment and
18 services must be removed and UnitedHealthcare must be held responsible for
19 placing profits over patients in a life and death situation.

20

21

22

23

24  ———————————————

25 [9] *See* President's Commission on Combatting Drug Addiction and the Opioid Crisis, Final Report, at pp. 9 and 122, retrieved on May 23, 2019 from
26 https://www.whitehouse.gov/sites/whitehouse.gov/files/images/Final_Report_Draft_11-15-2017.pdf. Roster of Commissioners include Governor Chris Christie,
27 Chairman, Governor Charlie Baker, Governor Roy Cooper, Congressman Patrick J. Kennedy, Professor Bertha Madras, Ph.D., Florida Attorney General Pam Bondi.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## **JURISDICTION AND VENUE**

13.     This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of ERISA, as it involves breaches of fiduciary duty under employee benefit health plans regulated and governed under ERISA.  Jurisdiction is predicated under these Code sections as well as 28 U.S.C. § 1331, as this action involves a federal question.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district and because UnitedHealthcare conducts a substantial amount of business in this judicial district.  Venue is also proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions) because the subject treatment was rendered in this judicial district, the subject claims were administered in this judicial district, the breaches took place in this judicial district, UnitedHealthcare regularly communicates with members/insureds who reside and/or receive treatment in this judicial district, UnitedHealthcare regularly communicates with health care providers who render substance use disorder treatment to the members/insureds in this judicial district, and/or UnitedHealthcare is found in this judicial district.

## **PARTIES**

15.     Ryan is a person in recovery from a substance use disorder who resides in Encinitas, California.  During times relevant herein, Ryan resided and received covered treatment for a substance use disorder at out-of-network outpatient programs in Orange County, California.  Ryan also received covered laboratory services in connection with his treatment from a clinical laboratory in Orange County, California.

THIRD AMENDED COMPLAINT

16. Ryan is a participant/beneficiary in a group health plan (Group No.: 193843; Member ID.: 003101379) governed by ERISA and insured, managed and/or administered by UnitedHealthcare.[10] The plan pays benefits for out-of-network substance use disorder and mental health treatment at all levels of care, including, but not limited to, detoxification and residential treatment, partial hospitalization, intensive outpatient and outpatient treatment, counseling and behavioral therapies, case and treatment management, and clinical laboratory services, at 70% of covered charges until the deductible/out-of-pocket maximum is met at which time the plan pays 100%. In addition, the plan reimburses out-of-network substance use disorder treatment and services at the in-network level when an inadequate in-network of providers for the treatment and services rendered exists; which means that covered services in such situations are paid at nearly 100% of billed charges. At all times relevant herein, UnitedHealthcare had an inadequate in-network of substance use disorder treatment providers at all levels of care.

17. Ryan's plan mandates blanket prior authorization for all substance use disorder services at all outpatient levels of care. There are severe benefit penalties under the plan if a beneficiary, like Ryan, does not obtain prior authorization from UnitedHealthcare for his or her outpatient substance use disorder treatment,

---

[10] Ryan's plan identifies UnitedHealthcare Insurance Company as administrator of the medical coverage and United Behavioral Health as administrator of the mental health and substance use disorder coverage. The plan also provides that benefits will not be paid unless a claim for benefits has been submitted to "UnitedHealthcare (Claims Administrator)." Although identified in the plan at least 40 times, "UnitedHealthcare" is an unspecified, non-specific, and undefined entity and term. As alleged herein, UnitedHealth Group, Inc. operates as and owns the trademark "UnitedHealthcare." Ryan's insurance card states that his plan is administered by UnitedHealthcare Services LLC. The back of Ryan's insurance card directs members to www.myuhc.com, which advises members/beneficiaries that their plan's "[a]dministrative services are provided by United HealthCare Services, Inc. and its affiliates." *See* www.uhc.com/legal/legal-entities. A letter from United Behavioral Health to Ryan dated July 31, 2019, states that Ryan's "Insurance coverage is provided by UnitedHealthcare Services LLC." In addition, a letter from Optum to one of Ryan's treatment providers, dated October 2, 2019, requests a refund check made payable to "United Behavioral Health" and mailed to "UnitedHealthcare" for purported claim overpayments. The letter's footer states that "United Behavioral Health and [] operating under the brand Optum."

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

including a coinsurance increase to 50% and the possibility that no benefits will be paid. These blanket prior authorization requirements and penalties do not apply on the plan's outpatient medical and surgical side.

18. Defendant UnitedHealth Group Inc. ("UHG") is a Delaware corporation which conducts insurance operations throughout California. UHG issues health insurance and issues, administers, and makes coverage and benefit determinations, and develops and applies guidelines in making these benefit determinations related to ERISA health care plans nationally, including the plans at issue in this case, through its various wholly-owned and controlled subsidiaries, including, but not limited to, Defendants United HealthCare Services, Inc., United HealthCare Insurance Company, UNC of California, United HealthCare Services LLC, United Behavioral Health, Inc., OptumInsight, Inc., Optum Services, Inc. and Optum, Inc. UHG operates as and owns the trademark "UnitedHealthcare."

19. Defendant United HealthCare Services, Inc. ("UHS") is a Minnesota corporation which conducts insurance operations throughout California. UHS provides health benefit programs for individuals and families, employers, military service personnel, retirees and their families, and serves as the operating division of UHG and its subsidiaries and affiliates. In this role, UHS makes coverage and benefit determinations and otherwise administers and manages ERISA health care plans, including the plans at issue in this case.

20. Defendant United Healthcare Insurance Company ("UHI") is a Connecticut corporation which conducts insurance operations throughout California. UHI underwrites many of the UnitedHealthcare individual and family insurance products and participates in the claims administration process related to plans insured and/or administered by UHG and its subsidiaries and affiliates, including the plans at issue in this case.

THIRD AMENDED COMPLAINT

21.    Defendant UHC of California d/b/a United Health Care of California ("UHCC") is a California corporation located in Cypress, California.  UHCC conducts administration process and coverage determinations on plans insured/administered by UHG and its subsidiaries and affiliates, including under the plans at issue in this case.

22.    Defendant UnitedHealthcare Service LLC ("UHSLLC") is a Delaware limited liability company with its principal office in Cypress, California.  UHSLLC provides administrative, financial and managerial services to UHG and its subsidiaries and affiliates and, in this role, administers and manages ERISA health care plans, including the plans at issue in this case.

23.    Defendant United Behavioral Health, Inc. ("UBH") is a California corporation with its principal place in San Francisco, California.  UBH provides and/or manages mental health and substance use disorder benefits for members/insureds of UHG and its subsidiaries and affiliates, and is responsible for making plan coverage and benefit determinations for mental health and substance use disorder services that are provided to said members/insureds.  UBH sometimes operates as OptumHealth Behavioral Solutions and under the brand name Optum U.S. Behavioral Health, California, doing business as OptumHealth Behavioral Solutions of California.  UBH is identified as the administrator of mental health and substance use disorder claims under plans at issue in this case.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

24.     Defendant OptumInsight, Inc. ("OII") is a Delaware corporation which conducts insurance operations throughout California. OII, formerly known as Ingenix,[11] provides health care data management for UBH and its subsidiaries and affiliates and, in this role, administers and manages ERISA health care plans, including the plans at issue in this case.

25.     Defendant Optum Services, Inc. ("Optum") is a Delaware corporation which conducts insurance operations throughout California.  Optum is a health services business serving the health care marketplace, including payers and health care providers, and provides shared claim handling and processing services for UHG and its subsidiaries and affiliates.  Optum sometimes operates as Optum and Optum Shared Solutions.  Optum is listed as a decision maker on some benefits decisions at issue in this case.

26.     Defendant Optum, Inc. ("OI") is a Delaware corporation which conducts insurance operations throughout California.  OI is a health services business serving the health care marketplace, including payers and UHG and its subsidiaries and affiliates, through its OptumHealth, OptumInsight and OptumRx

---

[11]  On January 13, 2009, New York Attorney General Andrew M. Cuomo announced historic reform of the nationwide health care reimbursement system that was to end conflicts of interest and generate fair reimbursement rates for working families nationwide.  The Attorney General reached an agreement with UnitedHealth Group Inc., the nation's second largest health insurer, after conducting an industry-wide investigation into a scheme to defraud consumers by manipulating reimbursement rates.  At the center of the scheme was Ingenix, Inc., a wholly-owned subsidiary of UnitedHealthcare. *See* Attorney General Cuomo Announces Historic Nationwide Health Insurance Reform; Ends Practice Of Manipulating Rates To Overcharge Patients By Hundreds Of Millions Of Dollars - Industry-Wide Reform of Reimbursement System Will End Conflicts of Interest and Create Fair Rates for Consumers Nationwide - Press Release (January 13, 2009), retrieve on February 26, 2020 from https://ag.ny.gov/press-release/2009/attorney-general-cuomo-announces-historic-nationwide-health-insurance-reform-ends; *see also*, The Medical Society of the State of New York, United Healthcare/Ingenix Settlement, retrieve on February 26, 2020 from https://www.mssny.org/MSSNY/Resources/Legal_Matters/Class_Action_Settlements/United_Healthcare_Settlement/MSSNY/Practice_Resources/Legal_Matters/Class_Action_Settlements/United_Healthcare_Settlement.aspx?hkey=52f280ad-c706-4fe9-92cd-26fb332d9860.

THIRD AMENDED COMPLAINT

businesses. OI is listed as a decision maker on some benefits decisions at issue in this case.

27.    Each of the Defendants is, and at all times relevant to this action was, the agent, servant, representative, or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, each of the Defendants was acting in the scope of its authority as such agent, servant, representative, or alter ego, and with the permission and consent of each of the other Defendants. Ryan is informed and believes, and based thereon alleges, that a unity of interest and ownership exists between the Defendants, and that Defendants share common ownership, management, places of business, and operate as a single enterprise.

28.    Each of the Defendants is, and at all times relevant to this action was, engaged in fiduciary activities within the meaning of ERISA by, among other things, insuring, managing and/or administering ERISA health care plans and deciding substance use disorder and laboratory claims under the governing ERISA plan documents.

29.    Defendants, both individually and collectively, breached their duties as an ERISA fiduciary under ERISA Section 404, 29 U.S.C. § 1104, and/or knowingly participated in the fiduciary breaches of the other Defendants, furthered their breaches, or knowingly failed to correct those breaches, all in violation of ERISA Section 405, 29 U.S.C. § 1105.

## ERISA AND MENTAL HEALTH AND SUBSTANCE USE DISORDER PARITY

30.    ERISA is a remedial statute designed to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting forth "standards of conduct, responsibility, and obligation for fiduciaries of plans." 29 U.S.C. § 1001(b). To that end, ERISA mandates that plan fiduciaries operate plans prudently and in the sole interests of the plan participants and beneficiaries, for the exclusive purpose of providing benefits to the participants and beneficiaries and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

defraying reasonable plan expenses, and in accordance with plan terms to the extent that the terms do not otherwise conflict with ERISA.  29 U.S.C. § 1104(a)(1)(A), (B), (D).  ERISA also requires plan fiduciaries to provide both adequate written notice of the reasons for any denial of benefits and the opportunity to obtain full and fair review of any denial.  *Id.* § 1133.  ERISA also requires plan fiduciaries to follow the terms of the governing plan documents, except when following those terms would violate other ERISA requirements, *id.* § 1104(a)(1)(D), including the MHPAEA requirements described below.  Moreover, as relevant here, ERISA empowers plan participants and beneficiaries to sue in federal court to enjoin any act that violates Title I of ERISA or the terms of the plan, or to obtain other appropriate equitable relief to remedy any such violation or to enforce any provision of Title I or the terms of the plan.  *Id.* § 1132(a)(3).

31.     In addition, ERISA contains provisions that mandate parity in mental health and substance use disorder benefits, which were enacted as part of the MHPAEA and expanded in the ACA and its core package of essential health benefits.  These provisions require that any benefits for mental health and substance use disorders offered under an ERISA-covered health care plan are on a par with other medical and surgical benefits.  29 U.S.C. § 1185a.  MHPAEA forbids plans and plan fiduciaries from imposing more restrictive financial requirements, such as deductions and copayments and treatment limitations on mental health and substance use disorder benefits, than on other medical and surgical benefits.  *Id.* § 1185a(a)(3)(A)((i)-(ii), (B)(i).  "The term 'treatment limitation' includes limits on the frequency of treatment, number of visits, days of coverage, or other similar limits on the scope or duration of treatment."  *Id.* at § 1185a(a)(3).  Additionally, the MHPAEA regulations explain that ERISA's parity requirements bar not only "quantitative" treatment limitations, which are "expressed numerically," but also "nonquantitative" treatment limitations, which "otherwise limit the scope or duration of benefits for treatment under a plan."  29 C.F.R. § 2590.712(a).

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# STATEMENT OF THE CASE

## Ryan's Substance Use Disorder Treatment

32.     Ryan is a person in recovery from a substance use disorder.  After receiving residential treatment in Michigan, Ryan sought and, on or about May 30, 2017, was admitted into treatment for a substance use disorder at an out-of-network outpatient program in Orange County, California.  UnitedHealthcare required prior authorization for Ryan's outpatient treatment and limited the number of authorized treatment days at the intensive outpatient ("IOP") level of care.  Ryan's outpatient treatment provider obtained the required prior authorization for IOP from UnitedHealthcare.  During the verification of benefits and prior authorization calls, UnitedHealthcare advised and confirmed with Ryan's outpatient treatment provider that his out-of-network plan benefits for substance use disorder treatment and services at all levels of care is 70% of covered expenses until the deductible/out-of-pocket maximum is met at which time the plan pays 100%.  Ryan successfully completed the outpatient treatment program on or about November 22, 2017. Ryan's outpatient treatment included covered IOP, outpatient ("OP"), counseling and behavioral therapy, case and treatment management, pharmacologic management with psychotherapy, breathalyzer testing, and laboratory services, all of which was necessary to meet Ryan's treatment and recovery needs.  Ryan's providers submitted claims to UnitedHealthcare for the treatment and services he received.  Unlike during previous treatment that Ryan received, when UnitedHealthcare paid some amount on each submitted bill, UnitedHealthcare systematically refused to pay any amount on almost every bill submitted for Ryan's critical and medically necessary treatment.  Other than providing limited coverage for a limited number of the laboratory services between 18% and 70% of billed charges, UnitedHealthcare did not pay for any of Ryan's covered, verified and authorized IOP treatment, OP treatment, counseling and behavioral therapy,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

case/treatment management, pharmacologic management with psychotherapy, and breathalyzer testing.

33.     Thereafter, Ryan had a substance use disorder recurrence and after receiving residential treatment in Riverside County, California, Ryan sought and on or about September 14, 2018, was admitted into treatment for a substance use disorder at an out-of-network outpatient program in San Diego County, California. UnitedHealthcare required prior authorization for Ryan's outpatient treatment and limited the number of authorized treatment days at the IOP level of care.  Ryan's outpatient treatment provider obtained the required prior authorization from UnitedHealthcare for the IOP treatment.  During the verification of benefits and prior authorization calls, UnitedHealthcare advised and confirmed with Ryan's outpatient treatment provider that his out-of-network plan benefits for substance use disorder treatment and services at all levels of care is 70% of covered expenses until the deductible/out-of-pocket maximum is met at which time the plan pays 100%. Ryan successfully completed the outpatient treatment program on or about June 7, 2019.  Ryan's outpatient treatment included covered IOP, OP, counseling and behavioral therapy, case and treatment management, breathalyzer testing, and laboratory services, all of which was necessary to meet Ryan's treatment and recovery needs.  Ryan's providers submitted claims to UnitedHealthcare for the treatment and services he received.  Other than providing payment for some of the cost of a few of the breathalyzer tests, certain laboratory services at negotiated rates, and some of the IOP and OP at nominal and inapplicable Medicare rates, UnitedHealthcare did not cover or pay for any of Ryan's covered, verified and authorized substance use disorder treatment and services.

34.     Because of UnitedHealthcare's unwarranted failure to pay for Ryan's medical necessary treatment and services during a period when he struggled and was ultimately successful with recovery, he has been left with hundreds of thousands in unpaid bills for his substance use disorder treatment, despite being a participant in

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

an ERISA-covered healthcare plan that promises, as it must, to pay for such treatment.

**UnitedHealthcare's Communications With Ryan's Providers**

35.    On July 11, 2018, "United Healthcare Insurance Company" provided Ryan's out of network provider with an electronic remittance data document stating that the services Ryan received on September 20 and 22, 2017, are payable to the out of network provider for a total amount of $1,920; only to be cross-plan offset and reduced to zero based on deductions for supposed overpayments made on the claims of other UnitedHealthcare insureds who also received services from Ryan's provider.  In other words, UnitedHealthcare refused to pay for this treatment that Ryan received, and Ryan is now fully responsible to pay his medical provider for treatment that is covered and is to be paid under his healthcare plan.

36.    On July 13, 2018, "United Healthcare Insurance Company" provided Ryan's out of network provider with another electronic remittance data document stating that the services Ryan received on September 25 and 25, 2017, are payable to the provider for a total amount of $1,920, only to be cross-plan offset and reduced to zero based on deductions for supposed overpayments made on the claims of other UnitedHealthcare insureds who also received services from Ryan's provider.  Again, because this provider was out of network with Ryan's plan, Ryan is now fully responsible to pay this amount, despite the fact that his plan covers this medically necessary treatment.

37.    On October 2, 2019, "Optum" mailed a letter to Ryan's provider requesting a purported overpayment refund in connection with laboratory services that Ryan (and other UnitedHealthcare treatment insureds) received during their treatment in 2018.  According to "Optum," laboratory services are to be billed as one bundled service for each day of substance use disorder treatment.  UnitedHealthcare does not apply these laboratory requirements and limitations to corresponding medical and surgical treatment or treatment protocols for insured

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

cancer or other patients with chronic diseases or diagnoses.  Other denials were on this same basis.

38.    Most of the other denials are simply impossible to understand and say such unilluminating and inaccurate things as "your plan does not cover the services you received," "no documentation was submitted," or "the information submitted does not contain sufficient detail."  But regardless of the vague reasons given in the denials, the end result was that Ryan was left with bills for hundreds of thousands of dollars for the medically necessary treatment of his substance use disorder and UnitedHealthcare evaded its responsibility under Ryan's plan to pay for this treatment.

39.    UnitedHealthcare's access, coverage, and claims-handling policies, practices, and decisions for substance use disorder treatment and services as a whole violate ERISA.  For instance, based on plan terms that violate ERISA, UnitedHealthcare requires prior authorization for covered outpatient substance use disorder treatment at the PHP and IOP levels of care regardless of medical need (requirements and limitations that the plans at issue in this case do not, under the terms of the plan, apply to corresponding medical and surgical treatment);[12] UnitedHealthcare also gives increased scrutiny to those who obtain substance use disorder treatment and, on that basis, limits the number of authorized treatment days using an algorithm known as the ALERT system or some similar protocol, which

---

[12]  Under California law, once a health insurer authorizes a specific type of treatment covered under a plan and the provider has provided that treatment in good faith and pursuant to the authorization, the insurer cannot rescind or modify that authorization for any reason.  Cal. Ins. Code § 796.04; Cal. Health & Safety Code § 1371.8. Moreover, California law requires that where health insurers cannot provide their members/insureds access to needed health care providers on an "in-network" basis, the insurers shall pay any "out-of-network" provider the amounts necessary to limit the out-of-pocket cost to the patient as if an in-networker provider had provided the same treatment and services.  In effect, this makes an out-of-network provider eligible to receive almost 100 percent of its billed charges.  Cal. Ins. Code § 10133.5; Cal. Code Regs. tit. 10, § 2240.1.  Further, health insurers are required to reimburse health care providers at almost 100 percent of the billed charges for emergency services.  Cal. Ins. Code § 10112.7; Cal. Health & Safety Code § 1317; Cal. Code Regs., tit. 28, § 1300.67.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

the California Department of Managed Care found during the relevant period was in violation of MHPAEA;[13] UnitedHealthcare either refuses to reimburse substance use disorder treatment claims or reimburses the claims at nominal percentages of covered charges and/or inapplicable Medicare rates;[14] UnitedHealthcare cross-plan offsets substance use disorder treatment and related laboratory claims based on purported overpayments to outpatient providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans;[15] and UnitedHealthcare demands refunds and/or refuses to cover clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the numerical limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder (UnitedHealthcare does not apply these laboratory requirements and limitations to corresponding medical and surgical treatment or treatment protocols for insured cancer or other patients with chronic diseases or disorders).[16]  These and other violative practices led to the denial or underpayment of nearly all of Ryan's claims for plan benefits covering substance

---

[13]  *See* Department of Managed Healthcare, Office of Plan Monitoring, *Final Report: Focused Survey of Mental Health Parity and Addiction Equity Act (MHPAEA) Implementation*, (hereinafter "*2018 Final Report*") (July 18, 2018). https://www.dmhc.ca.gov/desktopmodules/dmhc/medsurveys/surveys/126_r_MHPAEA_071818.pdf, pp. 14-16, 18.

[14]  The California Department of Insurance found and concluded in its July 23, 2018 Order to Show Cause *In the Matter of the Certificate of Authority of Health Net Life Insurance Company* (CDI File No. UPA-2016-00005), that Medicare does not provide a rate for inpatient or outpatient substance use disorder treatment provider charges and that substituting a bundled per diem Medicare rate for such treatment charges violates state and federal parity laws.

[15]  *See Peterson v. UnitedHealth Group, Inc.*, 913 F.3d 769, 776 (8th Cir. 2019) (rejecting UnitedHealthcare's interpretation of its plans as permitting cross-plan offsetting).

[16]  Thus, on Oct. 2, 2019, UnitedHealthcare demanded reimbursement from one of Ryan's outpatient providers of an "overpayment" for such services, saying that they cannot be separately billed but must be paid as part of bundled daily services.

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

use treatment from 2016 to 2019.[17]  Ryan's treatment authorization, coverage, and claims were appealed to UnitedHealthcare to no avail and/or the administrative remedies were exhausted or otherwise excusable as futile.

40.    UnitedHealthcare's practices have the effect of denying covered plan participants and beneficiaries access to and coverage for and to limit the number of authorized and covered PHP and IOP substance use disorder treatment days regardless of medical need, rush the members/insureds into an OP substance use disorder treatment level of care, refuse to reimburse covered OP claims, underpay and/or refuse to pay all other substance use disorder treatment claims, reimburse treatment claims at nominal percentages of charges and/or inapplicable Medicare rates, refuse to reimburse covered laboratory claims for individuals in treatment for a substance use disorder, and then demand refunds on paid claims and subject the remaining claims to improper cross-plan offsets.  These and other practices violate ERISA, including ERISA's loyalty and mental health and substance use disorder

---

[17]  *See Wit/Alexander v. United Behavioral Health*, 2019 WL 1033730, at *53 (N.D. Cal. Mar. 5, 2019) (concluding insurer violated "its duty of loyalty, its duty of care, and its duty to comply with plan terms by adopting Guidelines that are unreasonable and that do not reflect generally accepted standards of care"); *see also*, October 3, 2019 Consent Order issued by the Insurance Department of the Commonwealth of Pennsylvania (Dkt. No. MC-18-07-010), whereby the Consent Order incorporates all of the findings and conclusions against the insurer contained in the Pennsylvania Insurance Department's recent "Market Conduct Examination Report" of UnitedHealthcare Insurance Company's substance use disorder coverage and claims practices. https://www.insurance.pa.gov/Regulations/Regulatory%20Actions/Documents/Current%20Market%20Conduct/UHC_FINAL_ExamReportpkg_PUB11042019.pdf. Based on violations of MHPAEA and other violations contained in the report, UnitedHealthcare had to develop an $800,000 public outreach campaign to educate consumers about their mental health and substance use disorder benefits. UnitedHealthcare also had to pay restitution to consumers from claims wrongly denied, overpaid out-of-pocket expenses, and interest on delayed claims; and the department levied a $1,000,000 civil penalty against the insurer for violations found during the examination.

---

THIRD AMENDED COMPLAINT

parity provisions,[18] the ACA and its core package for essential health benefits, and the plan documents, and all to the detriment of Ryan and other participants in plans insured and/or managed by UnitedHealthcare in need of life-saving substance use disorder treatment.

### UnitedHealthcare's Violative Conduct

41.    As described herein, in an effort to increase its bottom line at the expense of plan participants and beneficiaries who have sought and received life-sustaining and life-saving treatment and continuing care for substance use disorders in California, UnitedHealthcare has and continues to breach its duties as an ERISA fiduciary and is engaged in numerous behaviors in California that violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, the ACA and its core package for essential health benefits, as well as the governing plan documents.  These include, but are not limited to, six practices that violate ERISA.

42.    First, UnitedHealthcare has and continues to impermissibly require participants to obtain prior authorization for outpatient substance use disorder treatment based on impermissible plan terms.  Furthermore, even when such prior authorization is sought, UnitedHealthcare applies processes and systems (including the ALERT algorithm and similar systems) so that it will only authorize a limited number of days at the PHP and IOP levels of care regardless of medical need.  On information and belief, these impermissible blanket prior authorization requirements and numerical limits, either alone or in concert with UnitedHealthcare's other impermissible practices, resulted in UnitedHealthcare's refusal to cover and pay for nearly all of Ryan's covered outpatient substance use disorder treatment claims for

---

[18]  In its 2018 *Final Report*, the Department of Managed Healthcare found that UnitedHealthcare was failing to comply with MHPAEA in numerous respects for both inpatient and outpatient services through processes and strategies that were more restrictive than those applied to medical/surgical claims. https://www.dmhc.ca.gov/desktopmodules/dmhc/medsurveys/surveys/126_r_MHPAEA_071818.pdf, p. 18.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

benefits.  These prior authorization requirements are written into the plans at issue and are not required for similar treatment on the medical and surgical side.  These unwarranted and restrictive prior authorization requirements violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, because UnitedHealthcare does not require prior authorization for outpatient treatment on the medical and surgical side.  Moreover, in placing a numerical limitation on the number of days of PHP and IOP substance use disorder treatment that it will authorize, UnitedHealthcare is imposing an impermissible quantitative treatment limitation regardless of medical need that, upon information and belief, UnitedHealthcare does not place on treatment on the medical and surgical side and, as such, violates ERISA, including ERISA's loyalty and parity provisions, as well as the plan documents.

43.    Second, UnitedHealthcare has and continues to impermissibly refuse to pay for covered and medically necessary OP treatment claims for benefits for individuals, like Ryan, in treatment for a substance use disorder.  This unwarranted refusal violates the governing plan documents, which cover the medically necessary treatment of mental health and substance use disorders, and additionally violates ERISA, including ERISA's loyalty and parity provisions because UnitedHealthcare does not refuse to pay for medically necessary OP treatment on the medical and surgical side.  This practice, either alone or in concert with UnitedHealthcare's other impermissible practices, resulted in UnitedHealthcare's refusal to cover and pay for nearly all of Ryan's covered OP substance use disorder treatment claims for benefits.

44.    Third, UnitedHealthcare has and continues to unlawfully demand refunds and/or refuse to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to outpatient providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans.  This cross-

**THIRD AMENDED COMPLAINT**

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

plan offsetting with respect to out of network providers is not authorized by and violates the terms of the governing plan documents, as well as ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions. *See Peterson v. UnitedHealth Group, Inc.*, 913 F.3d 769, 776 (8th Cir. 2019) (rejecting UnitedHealthcare's interpretation of its plans as permitting cross-plan offsetting). UnitedHealthcare utilized its cross-plan offsetting practice as a basis for not covering and paying for many of Ryan's covered claims for benefits. This practice has left Ryan responsible for paying many thousands of dollars in bills for his substance use treatment that UnitedHealthcare determined was medically necessary and covered under the terms of his plan.

45. Fourth, UnitedHealthcare has and continues to refuse to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder, including for Ryan, and does not exclude corresponding treatment on the medical and surgical side or treatment protocols for insured cancer and other patients with chronic diseases that require complicated treatment protocols. These categorical and unwarranted refusals violate the governing plan documents, which do not exclude such treatment services, and additionally violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions.

46. Fifth, UnitedHealthcare has and continues to impermissibly demand refunds and/or refuse to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the numerical limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder. These unwritten, extra-plan limits or exclusions were used as the basis for refusing to pay and/or demanding refunds on many of Ryan's covered laboratory claims either through the use of UnitedHealthcare's ALERT system or through a similar protocol or algorithm. These exclusions and numerical

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

limitations regardless of medical need constitute impermissible quantitative treatment limitations that UnitedHealthcare does not place on laboratory services on the medical and surgical side. They violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents.

47.     Six, when UnitedHealthcare has covered and paid for substance use disorder treatment claims for benefits, including Ryan's claims, UnitedHealthcare has and continues to systematically and willfully underpay the claims for benefits per the plan documents and the law, including substituting an improper Medicare rate payment methodology for substance use disorder treatment claims and demanding refunds on claims, including ones paid to Ryan, that it asserts should have been paid at inapplicable Medicare rates. UnitedHealthcare has not substituted an improper Medicare rate payment methodology on the medical and surgical side. As such, UnitedHealthcare's payment methodology practice in this regard violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents.

48.     UnitedHealthcare's herein alleged systematic practice of placing profits over patients and the wellbeing and health of its members/insureds in treatment for a substance use disorder violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, the ACA and its core package of essential health benefits, as well as the governing plan documents, and has and continues to place a heavy financial burden on the members/insureds, including Ryan, and the health care providers and professionals rendering life-sustaining and life-saving substance use disorder treatment during the midst of the opioid epidemic.

## **CLASS ACTION ALLEGATIONS**

49.     UnitedHealthcare insures, administers, manages, and serves as the claims fiduciary for thousands of ERISA healthcare plans, including the plans at issue herein. Ryan brings this action on behalf of himself and all others similarly

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

situated as a Class Action pursuant to rule 23 of the Federal Rules of Civil

Procedure ("Fed. R. Civ. Proc.").

50.     Ryan seeks to represent the Class composed of and defined as follows:

> All participants in or beneficiaries under an ERISA plan
> insured, managed and/or administered by
> UnitedHealthcare, who made claims for substance use
> disorder treatment and related laboratory benefits in
> California on or after May 30, 2017.

51.     Ryan and the Class Members reserve the right under Fed. R. Civ. Proc.

23(c)(1)(C) to amend or modify the Class to include greater specificity, by further

division into subclasses, or by limitation to particular issues.

52.     This action has been brought and may be properly maintained as a

Class Action under the provisions of Fed. R. Civ. Proc. 23 because there is a well-

defined community of interest in the litigation and the proposed Class is easily

ascertainable.

53.     The Class Members can be objectively ascertained through the use of

information contained in UnitedHealthcare's files because UnitedHealthcare knows

what ERISA health care plans it administers, manages and insures, the number and

identities of the participants and beneficiaries in these plans, what coverage and

authorization determinations it has made, what type of claims participants and

beneficiaries in those plans have filed, and how those claims were adjudicated.

54.     The Class meets all of the requirements of Fed. R. Civ. Proc. 23 as

follows:

**Numerosity**

55.     The potential members of the proposed Class as defined herein are so

numerous that joinder of all the members of the proposed Class is impracticable.

While the precise number of proposed Class Members has not been determined at

this time, Ryan is informed and believes that the proposed Class is composed of

thousands of persons dispersed throughout California and the United States and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

joinder is impractical.  The precise number and identity of Class Members are unknown to Ryan but can be obtained from UnitedHealthcare's records.

**Commonality**

56.    There are questions of law and fact common to the proposed Class that predominate over any questions affecting only the individual Class Members.  These common questions of law and fact include, without limitation:

a.    Whether UnitedHealthcare's requirement that members/insureds obtain prior authorization for outpatient substance use disorder treatment and then placement of a pre-determined limit on the number of treatment days at the PHP and IOP levels of care regardless of medical need violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

b.    Whether UnitedHealthcare's refusal to cover and pay for covered OP substance use disorder treatment claims for benefits violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

c.    Whether UnitedHealthcare's refund demands and/or refusal to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans (*i.e.*, cross-plan offsetting) violates ERISA, including ERISA's loyalty and parity provisions, as well as the governing plan documents;

d.    Whether UnitedHealthcare's refusal to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder violates ERISA, including ERISA's loyalty

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

and mental health and substance use disorder parity provisions, as well as the governing plan documents;

        e.     Whether UnitedHealthcare's refund demands and/or refusal to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond a pre-determined limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

        f.     Whether UnitedHealthcare's systematic and willful underpayment and refusal to reimburse substance use disorder treatment claims for benefits per the plan documents and law, including payments based on inapplicable Medicare rates and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates, violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; and

        g.     Whether, and the extent to which, UnitedHealthcare profited from its violations of ERISA and other fiduciary breaches.

### Typicality

57.    The claims of the named Plaintiff, Ryan, are typical of the claims of the proposed Class.  Ryan and all members of the proposed Class were injured by and sustained damages arising out of and caused by UnitedHealthcare's common course of conduct in violation of law and the governing plan documents as alleged herein.  Ryan's claims are thereby representative of, and largely co-extensive with, the claims of the Class Members.

### Adequacy of Representation

58.    Ryan will fairly and adequately represent and protect the interests of the members of the proposed Class.

THIRD AMENDED COMPLAINT

59.    There are no conflicts between the interests of Ryan and those of other members of the Class, and Ryan is cognizant of his duties and responsibilities to the entire Class.

60.    Ryan has engaged the services of counsel indicated below who are experienced in litigating large and complex class actions, including ERISA class actions, and will adequately prosecute this Class Action, and will assert and protect the rights of and otherwise represent Ryan and absent Class Members.

**Type of Class Action**

61.    This action is maintainable as a Class Action under Fed. R. Civ. Proc. 23(b)(1) because prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the Class, or adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

62.    Specifically, separate actions by individual Class Members could produce varying adjudications as to whether UnitedHealthcare's practices, individually and in combination, set up barriers to access and coverage of substance use disorder treatment required by federal law and the terms of the governing plan documents.  These practices include, but are not limited to, UnitedHealthcare's: (a) requirement that members/insureds obtain prior authorization for outpatient substance use disorder treatment and then limit on the number of treatment days at the PHP and IOP levels of care regardless of medical need violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (b) refusal to cover and pay for covered OP substance use disorder treatment claims for benefits violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity

THIRD AMENDED COMPLAINT

provisions, as well as the governing plan documents; (c) refund demands and/or refusal to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to outpatient providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans (*i.e.*, cross-plan offsetting) violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (d) refusal to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (e) refund demands and/or refusal to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the improper limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder violates ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents; (f) systematic and willful underpayment and refusal to reimburse substance use disorder treatment claims for benefits per the plan documents and law, including substituting an improper Medicare rate payment methodology for substance use disorder treatment claims and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates.  Separate actions could also produce varying adjudications concerning whether, and the extent to which, UnitedHealthcare has profited from its violations of ERISA and other fiduciary breaches.

63.    This action is maintainable as a Class Action under Fed. R. Civ. Proc. 23(b)(2) because UnitedHealthcare has acted and/or refused to act on grounds generally applicable to the Class.  In particular, UnitedHealthcare's actions,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

1  individually and as a whole were systemic and are appropriately remedied through

2  injunctive and other Class-wide equitable relief.  These practices include, but are not

3  limited to: (a) requiring members/insureds to obtain prior authorization for

4  outpatient substance use disorder treatment and then limiting the number of

5  treatment days at the PHP and IOP levels of care regardless of medical need; (b)

6  refusing to cover and pay for covered, medically necessary OP substance use

7  disorder treatment claims for benefits; (c) demanding refunds and/or refusing to

8  cover and pay for covered substance use disorder treatment claims and related

9  laboratory claims for individuals under one plan based on purported overpayments

10  to out of network providers on substance use disorder treatment and laboratory

11  services provided to individuals covered by other plans (*i.e.*, cross-plan offsetting)

12  thereby leaving plan participants liable for the cost of their treatment; (d) refusing to

13  cover and pay for covered counseling and behavioral therapy, case and treatment

14  management services, pharmacologic management services, and breathalyzer testing

15  for individuals in treatment for a substance use disorder; (e) demanding refunds

16  and/or refusing to cover and pay for covered clinical laboratory claims for

17  individuals in treatment for a substance use disorder as either beyond the limitation

18  and/or simply not covered or reimbursable for individuals in treatment for a

19  substance use disorder; and (f) systematically and willfully underpaying and

20  refusing to reimburse substance use disorder treatment claims for benefits per the

21  plan documents and law, including substituting an improper Medicare rate payment

22  methodology for substance use disorder treatment claims and demanding refunds on

23  treatment claims that it asserts should have been paid at inapplicable Medicare rates.

THIRD AMENDED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## **CLAIM FOR RELIEF**

### **For Declaratory Relief, Injunctive**

### **and Other Equitable Relief, and Attorney's Fees**

### **(29 U.S.C. §§ 1132(a)(3), (g))**

64.    Ryan incorporates by reference the foregoing paragraphs as though fully set forth herein.

65.    At all times relevant, Ryan was a participants in a health benefit plan insured, managed, administered, and underwritten by UnitedHealthcare and governed by ERISA.

66.    At all times, UnitedHealthcare collectively, and each of the Defendants individually, acted as fiduciaries under ERISA in deciding access, coverage, and claims for benefits under Ryan's plan.  UnitedHealthcare is therefore required to act with the utmost prudence and loyalty in administering Ryan's claims and the claims of the putative Class Members, and to otherwise comply with the requirements of ERISA, including the mental health and substance use disorder parity laws and full and complete coverage and benefit procedures, and to comply with the terms and conditions of the ERISA plans themselves, in making coverage and benefit determinations and processing claims on behalf of plan participants and beneficiaries, including Ryan and the Class Members.

67.    UnitedHealthcare has and continues to repeatedly and systematically violate these obligations and duties to Ryan and the Class Members during the Class Period.  UnitedHealthcare has and is repeatedly violating ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents, through numerous practices that, individually and in combination, set up barriers to access and coverage of substance use disorder treatment required by federal law and the terms of the governing plan documents. These practices include, but are not limited to: (a) requiring members/insureds to obtain prior authorization for outpatient substance use disorder treatment and then

- 31 -

limiting the number of treatment days at the PHP and IOP levels of care regardless of medical need; (b) refusing, without basis, to cover and pay for covered OP substance use disorder treatment claims for benefits; (c) demanding refunds and/or refusing to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to out of network providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans (*i.e.*, cross-plan offsetting); (d) refusing to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder; (e) demanding refunds and/or refusing to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder; and (f) systematically and willfully underpaying and refusing to reimburse substance use disorder treatment claims for benefits per the plan documents and law, including by substituting an improper Medicare rate payment methodology for substance use disorder treatment claims and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates.

68.    Defendants, and each of them, knowingly participated in the fiduciary breaches of the other Defendants in violation of ERISA Section 404, 29 U.S.C. § 1104, furthered their breaches, and/or knowingly failed to correct those breaches, all in violation of ERISA Section 405, 29 U.S.C. § 1105.

69.    To remedy UnitedHealthcare's wrongful conduct and breaches of its duties under ERISA, Ryan is entitled to and hereby requests that this Court grant the following relief pursuant to 29 U.S.C. § 1132(a)(3):

a.    An Order declaring that the practices of UnitedHealthcare described herein – including, but not limited to, UnitedHealthcare's: (a) requirement

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED COMPLAINT

that members/insureds obtain prior authorization for outpatient substance use disorder treatment and then limit on the number of treatment days at the PHP and IOP levels of care regardless of medical need; (b) refusal to cover and pay for covered OP substance use disorder treatment claims for benefits; (c) refund demands and/or refusal to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans (*i.e.*, cross-plan offsetting); (d) refusal to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder; (e) refund demands and/or refusal to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder; and (f) systematic and willful underpayment and refusal to reimburse substance use disorder treatment claims for benefits per the plan documents and law, including substituting an improper Medicare rate payment methodology for substance use disorder treatment claims and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates – violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents;

b.      An order requiring UnitedHealthcare to reevaluate all claims for substance use disorder and related laboratory services and benefits of Class Members under an ERISA-compliant procedure and, where warranted, to pay the correct amounts on claims that were underpaid and/or not paid in violation of ERISA and the governing plan documents; and

c.      Disgorgement of profits that UnitedHealthcare has realized by virtue of its violations of ERISA and other fiduciary breaches.

THIRD AMENDED COMPLAINT

70.    Ryan further seeks payment of attorney's fees and costs, which Ryan is entitled to have paid by UnitedHealthcare pursuant to 29 U.S.C. § 1132(g)(1).

**REQUEST FOR RELIEF**

WHEREFORE, Ryan, on behalf of himself and on behalf of the Class, request relief as follows:

1.    An Order certifying the proposed Class, appointing Ryan to represent the proposed Class, and designating Ryan's counsel as Class Counsel;

2.    An Order declaring that the practices of UnitedHealthcare described herein that set up unwarranted barriers to access and coverage of substance use disorder treatment violate ERISA, including ERISA's loyalty and mental health and substance use disorder parity provisions, as well as the governing plan documents. These practices include, but are not limited to, UnitedHealthcare's: (a) requirement that members/insureds obtain prior authorization for outpatient substance use disorder treatment and then limit on the number of treatment days at the PHP and IOP levels of care regardless of medical need; (b) refusal to cover and pay for covered OP substance use disorder treatment claims for benefits; (c) refund demands and/or refusal to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to out of network providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans (*i.e.*, cross-plan offsetting); (d) refusal to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder; (e) refund demands and/or refusal to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder; and (f) systematic and willful underpayment and refusal to reimburse substance use disorder treatment

claims for benefits per the plan documents and law, including substituting an
improper Medicare rate payment methodology for substance use disorder treatment
claims and demanding refunds on claims that it asserts should have been paid at
inapplicable Medicare rates;

3.    An Injunction requiring UnitedHealthcare to reevaluate all claims for
substance use disorder and related laboratory services and benefits of Ryan and
Class Members under ERISA-compliant policies and procedure and, where
warranted, to pay the correct amounts on claims that were denied and/or underpaid
in violation of ERISA and the governing plan documents;

4.    An Order requiring that UnitedHealthcare disgorge profits it made by
virtue of its misconduct, as described herein, with regard to the provision of
substance use disorder and related laboratory services and benefits in violation of
ERISA, MHPAEA, ACA, and any incorporated and applicable California insurance
reimbursement provisions;

5.    An Order awarding Ryan reasonable attorney's fees and costs, in
amounts to be determined by the Court, pursuant to 29 U.S.C. § 1132(g);

6.    Payment of pre-judgment and post-judgment interest as allowed under
ERISA; and

7.    For such other and further relief as this Court may deem just and
proper.


Dated: September 11, 2020          **CALLAHAN & BLAINE, APLC**
                                   **KANTOR & KANTOR, LLP**


                                   By: _/s/ Elizabeth Hopkins_
                                       Elizabeth Hopkins
                                       Attorneys for Plaintiff Ryan S.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 35 -

THIRD AMENDED COMPLAINT