UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss</u>**

    Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., UnitedHealthcare Insurance Company, UHC of California, United HealthCare Services LLC, United Behavioral Health, OptumInsight, Inc., Optum Services, Inc., and Optum, Inc. (collectively – "UnitedHealthcare" or "Defendants") move to dismiss the third amended complaint ("TAC") of Plaintiff Ryan S. Mot., ECF No. 63. Ryan opposed. Opp'n, ECF No. 64. Defendants responded. Reply, ECF No. 65.

    For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

*A.    Allegations in the TAC*

    Ryan S. asserts one cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and (g). <u>See</u> TAC, ECF No. 60 ¶¶ 64-70. He alleges that Defendants' "access, coverage, and claims-handling policies, practices, and decisions for substance use disorder treatment and services" violate ERISA and plan documents. <u>Id</u>. ¶ 39.

    The TAC alleges the following. Ryan S. resided and received treatment for a substance use disorder at an out-of-network program located in Orange County, California. <u>Id</u>. ¶ 15. He also received covered laboratory services in connection with his treatment. <u>Id</u>. He is a participant/beneficiary in a group health plan (Group No.: 193843; Member ID: XXXXX379) governed by ERISA and insured, managed and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

administered by Defendants. Id. ¶ 16.

    Ryan S.'s plan pays benefits for out-of-network substance use disorder and mental health treatment at all levels of care, including detoxification and residential treatment, partial hospitalization, intensive outpatient ("IOP") and outpatient treatment ("OP"), counseling and behavioral therapies, case and treatment management, and clinical laboratory services at 70% of covered charges until the deductible/out-of-pocket maximum is met, at which time the plan pays 100%. Id. ¶ 16. In addition, the plan reimburses out-of-network substance use disorder treatment and services at the in-network level when an inadequate in-network of providers for the treatment and services rendered exists, which means that covered services in such situations are paid at nearly 100% of billed charges. Id. Ryan S.'s plan mandates blanket prior authorization for all substance use disorder services at all outpatient levels of care. Id. ¶ 17.

    Defendants required prior authorization for Ryan S.'s outpatient treatment and limited the number of authorized treatment days at the IOP level of care, requirements and limitations that the plan does not apply to corresponding outpatient medical and surgical treatment. Id. ¶ 32. Ryan S.'s treatment provider obtained the required prior authorizations from UnitedHealthcare. Id. The providers submitted claims to UnitedHealthcare for the treatment and services he received. Id. Other than providing limited coverage for some of the breathalyzer tests at 82% to 95% of billed charges, and laboratory services at around 25% and 40% of billed charges, UnitedHealthcare did not pay for Ryan S.'s covered, verified and authorized IOP treatment, OP treatment, counseling and behavioral therapy, and case/treatment management services. Id.

    Thereafter, Ryan S. had a substance use disorder recurrence and on September 14, 2018, was admitted into treatment at an out-of-network outpatient program in San Diego County. Id. ¶ 33. The provider obtained the required prior authorizations from UnitedHealthcare and he completed the outpatient treatment program on or about June 7, 2019. Id. Other than providing limited coverage for some of the breathalyzer tests, certain laboratory services at negotiated rates, and some of the IOP and OP at nominal and inapplicable Medicare rates, UnitedHealthcare did not cover Ryan S.'s substance use disorder treatment and services. Id.

    Ryan S. alleges that Defendants breach their duties as an ERISA fiduciaries by engaging in six practices that violate ERISA. Id. ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

First, Defendants impermissibly require members/insureds to obtain prior authorization for outpatient substance use disorder treatment and will then only authorize a pre-determined limited number of treatment days at the PHP and IOP levels of care regardless of medical need. Id. ¶ 42.

Second, Defendants impermissibly refuse to cover and pay for covered OP treatment claims for benefits for individuals, like Ryan S.'s, in treatment for a substance use disorder. Id. ¶ 43.

Third, Defendants unlawfully demand refunds and/or refuse to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans. Id. ¶ 44.

Fourth, Defendants refuse to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder, and does not exclude corresponding treatment on the medical and surgical side. Id. ¶ 45.

Fifth, Defendants impermissibly demands refunds and/or refuse to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond a predetermined limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder. Id. ¶ 46.

Sixth, when Defendants have covered and paid for substance use disorder treatment claims for benefits, including Ryan S.'s claims, Defendants systematically and willfully underpay the claims for benefits per the plan documents and the law, including substituting an improper Medicare rate payment methodology for substance use disorder treatment claims and demanding refunds on claims that it asserts should have been paid at inapplicable Medicare rates. Id. ¶ 47.

Ryan S. seeks to represent a class composed of and defined as:

All participants in or beneficiaries under an ERISA health care plan insured, managed and/or administered by [Defendants], who made claims for substance use disorder

Case 8:19-cv-01363-JVS-KES   Document 66   Filed 12/03/20   Page 4 of 10   Page ID #:1352

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

treatment and related laboratory benefits in California on or after July 11, 2013. Id. ¶ 50.

Ryan S. seeks on behalf of the putative class: (1) an Order certifying the proposed Class, (2) a declaration that each of seven practices violates fiduciary duties imposed by ERISA, the Parity Act, and the terms of Ryan S.'s and putative class members' various benefit plans; (3) an injunction requiring Unitedhealthcare to re-evaluate all claims for substance use disorder and related mental health and laboratory services and benefits; (4) disgorgement of profits; (5) attorneys' fees and costs; and (6) pre-and post-judgment interest. Request for Relief ¶¶ 2-6.

### B.  Procedural History

On July 11, 2019, Ryan S. filed suit against Defendants. Compl., ECF No. 1. On October 11, 2019, Ryan S. filed the first amended complaint ("FAC"). FAC, ECF No. 29. Defendants filed a motion to dismiss the FAC on November 8, 2019. MTD FAC, ECF No. 30. The Court granted Defendants' motion to dismiss on January 6, 2020, reasoning that Ryan S. lacked standing under Article III. FAC Order, ECF No. 41.

Ryan S. filed the second amended complaint ("SAC") on January 20, 2020. SAC, ECF No. 42. Defendants moved to dismiss the SAC on June 26, 2020. MTD SAC, ECF No. 53. The Court granted Defendants' motion to dismiss on August 14, 2020, once again reasoning that Ryan S. lacked standing under Article III. SAC Order, ECF No. 58. Ryan S. filed the TAC on September 11, 2020. TAC.

## II. LEGAL STANDARD

### A.  12(b)(1) Motion to Dismiss

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

If, however, the question of jurisdiction is intertwined with factual issues going to the merits, the court should not resolve genuinely disputed facts, and require the movant to establish that there are no material facts in dispute and that the movant is entitled to prevail as a matter of law. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873.

  B. *12(b)(6) Motion to Dismiss*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

"'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. Discussion

*A. Motion to Dismiss*

Defendants argue that the TAC fails to show that Ryan S. has standing just as the SAC failed. Mot. at 11-18. The Court previously found that the SAC did not tie Defendants' alleged practices to any injury that Ryan S. suffered. SAC Order at 10. The same is true for the TAC.

*1. Prior Authorization*

First, the TAC fails to show that Ryan S. has standing to challenge the alleged practice of impermissibly requiring prior authorization. The TAC, like the SAC, claims that "Ryan's outpatient treatment provider obtained the required prior authorization for IOP from UnitedHealthcare." TAC ¶¶ 32, 33. As a consequence, the pre-authorization requirement did not result in Ryan S. being left with unpaid bills, the injury that he alleges. TAC ¶ 34. Ryan S. instead tries to argue that his injury is "the delay occasioned by Defendants' imposition of an impermissible pre-authorization requirement." Opp'n at 15. But Ryan S. neither alleges the harm of the delay in the TAC nor is a delay sufficient to allege harm. The case that Ryan S. cites, Common Cause/Georgia v. Billups, 554 F.3d 1340, 1347, 1351 (11th Cir. 2009), specifically states that the sufficient injury in that case was "a denial of equal treatment" by the government in the context of a suit alleging violations of state an federal civil rights. This case is therefore inapposite to this ERISA case where Ryan S.'s providers were able to obtain prior authorization.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

### 2. *OP Treatment*

The TAC also fails to show standing to challenge that Defendants "impermissibly refuse to pay for covered and medically necessary OP treatment claims for benefits for individuals, like Ryan, in treatment for a substance use disorder." TAC ¶ 43. The Court first notes that Ryan S. asserts standing because Defendants failed to pay for his OP treatment during his first round of treatment starting on May 30, 2017 even though he was paid to cover some of his treatment during his second episode starting September 14, 2018. Opp'n at 16. This suggests that Ryan S.'s new position is that Defendants <u>sometimes</u> refuse to pay for OP treatment claims because they are OP treatment claims and not for some other reason. As a consequence, merely alleging that Ryan S.'s OP treatment claim was denied is not sufficient to say he was injured due to this practice since the practice is not categorical. Rather, Ryan S. must specifically allege that the claim was rejected <u>because it was an OP treatment claim</u> and not for some other reason that distinguishes it from other OP treatment claims that Defendants have paid. Ryan S. fails to make such an allegation and so he cannot assert standing on this basis for lack of traceability.

### 3. *Offsetting*

Third, the TAC does not provide sufficient allegations for Ryan S. to have standing to challenge the alleged practice of "unlawfully demand[ing] refunds and/or refus[ing] to cover and pay for covered substance use disorder treatment claims and related laboratory claims for individuals under one plan based on purported overpayments to outpatient providers on substance use disorder treatment and laboratory services provided to individuals covered by other plans." <u>See</u> TAC ¶ 44. The Court previous found that Ryan S. could not assert standing for to challenge this practice because "the Ninth Circuit has held that a 'patient-assignor' like Plaintiff 'cannot assert' a claim for 'offsetting' under ERISA because 'any recoupment would come from Providers not from patients.'" SAC Order at 9 (quoting <u>DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.</u>, 852 F.3d 868, 877 (9th Cir. 2017)) (cleaned up).

Ryan S. now attempts to allege standing by including the statement that "UnitedHealthcare utilized its cross-plan offsetting practice as a basis for not covering and paying for many of Ryan's covered claims for benefits," which "left Ryan responsible for paying many thousands of dollars in bills." TAC ¶ 44. Ryan S. is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

correct that a more direct allegation tying the cross-plan offsetting to his particular bills is necessary to allege standing. This allegation, however, is too conclusory to achieve that goal. The allegation broadly claims that "many" of Ryan's claims were denied on this basis, leaving Ryan was "many thousands" of dollars in bills. Such an assertion is impermissibly vague and is not supported by factual allegations sufficient to make this claim of standing "plausible." See Iqbal, 556 U.S. at 678. The TAC merely adds an assertion that Ryan S.'s bills are connected to offsetting without providing any reason to "infer more than the mere possibility of misconduct." Id. at 679.

### 4. *Restricted Coverage*

Ryan S. makes no substantial changes in the TAC that address the Court's finding that the SAC did not include sufficient allegations to show standing to challenge the fourth practice alleged–refusal "to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder." TAC ¶ 45. The Court previously found that Ryan S. did not have standing because the "claim that there is a categorical refusal at work is contradicted by Plaintiff's allegation that some of his breathalyzer tests were covered 'at around 50% and 100% of billed charges' while others were paid at 'at 82% to 95% of billed charges.'" SAC Order at 9 (quoting SAC ¶¶ 33, 35). Ryan S. still alleges that Defendants categorically refuse to cover these services, see TAC ¶ 45, and that at least some of his breathalyzer test were covered. TAC ¶ 33. If such a policy of categorical denials does exist, it was not applied to Ryan S according to the allegations in the TAC.

### 5. *Laboratory Services*

The fifth alleged practice that Ryan S. challenges is "demand[ing] refunds and/or refus[ing] to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the numerical limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder." TAC ¶ 46. The Court previously found that Ryan S. did not have standing to challenge this practice because "he fails to provide a factual basis for this allegation." SAC Order at 10. Although Ryan S. now alleges that this policy is implemented through some type of "protocol or algorithm," TAC ¶ 46, this alone is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

insufficient to make his claim plausible. There are no facts plausibly connecting this practice with Ryan S.'s own experience. Reply at 8.

      6.     *Reimbursement at Medicare Rates*

Finally, Ryan S. alleges that "when UnitedHealthcare has covered and paid for substance use disorder treatment claims for benefits, including Ryan [S.]'s claims, UnitedHealthcare has and continues to systematically and willfully underpay the claims for benefits per the plan documents and the law, including substituting an improper Medicare rate payment methodology for substance use disorder treatment claims and demanding refunds on claims, including ones paid to Ryan [S.], that it asserts should have been paid at inapplicable Medicare rates" TAC ¶ 47. The Court once again finds that Ryan S. has "failed to connect this underpayment to his concrete injury." SAC Order at 10. The TAC alleges that Defendants paid for "some of the IOP and OP at nominal and inapplicable Medicare rates." TAC ¶ 33. But this alone is insufficient to assert standing. First, there are not facts that allow Defendants or the Court to know which claims were reimbursed at the Medicare rates. Second, as these payments are made to Ryan S.'s providers, Ryan S. has to allege how he has concrete injuries that are traceable to this underpayment. Ryan S. has failed to do this, as all he has alleged is that he generally has "hundreds of thousands in unpaid bills." Id. ¶ 34.

As such, the Court concludes that Ryan S. has failed to address the issues with his allegations that the Court noted in its order dismissing the SAC. Ryan S. once again has failed to provide sufficient factual allegations to demonstrate standing to challenge any of the six practices alleged. The Court therefore **DISMISSES** the TAC.

      B.     *Leave to Amend*

Defendants urge the Court to not grant Ryan S. leave to amend. Mot. at 24-25. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1363 JVS (KESx) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, the Court finds notes that there have been repeated failures to cure deficiencies in the complaint. Ryan S. has now filed four complaints. Moreover, the Court is now dismissing the TAC for the same reasons stated in its previous order dismissing the SAC. Ryan S. has "had ample opportunity to properly plead a case and have failed to do so." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013). Therefore, the Court **DENIES** Ryan S. leave to amend his claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for December 7, 2020, is ordered **VACATED**.

**IT IS SO ORDERED.**

| | | : | 0 |
|---|---|---|---|
| | Initials of Preparer | lmb | |