**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN S., individually and on behalf of all others similarly situated, | No.   20-56310 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-01363-JVS-KES |
| v. | MEMORANDUM* |
| UNITEDHEALTH GROUP, INC., a Delaware corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation; UHC OF CALIFORNIA, a California corporation; UNITED HEALTHCARE SERVICES LLC, a Delaware limited liability company; UNITED BEHAVIORAL HEALTH, INC., a California corporation; OPTUMINSIGHT, INC., a Delaware corporation; OPTUM SERVICES, INC, a Delaware corporation; and OPTUM, INC., a Delaware corporation, | |
| Defendants-Appellees. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 10, 2021
Pasadena, California

Before:  COLLINS and LEE, Circuit Judges, and OTAKE,[**] District Judge.  Partial Concurrence and Partial Dissent by Judge COLLINS.

Ryan S. appeals the district court's dismissal of this putative class action against his health insurance company UnitedHealth Group, Inc. and related corporate entities (collectively, United).  In his Third Amended Complaint (TAC), Ryan S. asserted one cause of action under the Employee Retirement Income Security Act of 1974's (ERISA) "catch-all" enforcement provision for equitable relief, 29 U.S.C. § 1132(a)(3).  The district court dismissed for lack of standing.

Ryan S. has suffered from a substance use disorder and twice received treatment for the condition.  In general, he claimed that United created barriers to accessing substance use disorder care and wrongfully denied payment for treatments that he maintains are or should be covered under his health plan.  Ryan S. identified six practices that he alleged breached United's fiduciary duties under ERISA and violated the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA).  *See* 29 U.S.C. § 1104(a)(1)(D)

---

[**]    The Honorable Jill A. Otake, United States District Judge for the District of Hawaii, sitting by designation.

(requiring fiduciaries to discharge duties according to the terms of the plan and

consistently with ERISA); *id.* § 1185a (codifying MHPAEA and providing, for

example, that a health plan must ensure that "the financial requirements applicable

to such mental health or substance use disorder benefits are no more restrictive

than the predominant financial requirements applied to substantially all medical

and surgical benefits covered by the plan").  Ryan S. has also cited a report from a

California state agency that suggests that United Health denies claims through the

use of the ALERT system.

On behalf of the putative class, Ryan S. sought:  (1) an order certifying the

proposed Class, (2) a declaration that each of the six practices violates fiduciary

duties imposed by ERISA, the mental health and substance use disorder parity

provisions, and the terms of Plaintiff's and putative class members' various benefit

plans; (3) an injunction requiring United to re-evaluate all claims for substance use

disorder and related mental health and laboratory services and benefits; (4)

disgorgement of profits; (5) attorneys' fees and costs; and (6) pre- and post-

judgment interest.

The district court dismissed Ryan S.'s TAC for lack of standing.  It

addressed each of the six practices individually and concluded that Ryan S. lacked

standing to challenge any of the practices.

We review the district court's dismissal de novo.  *See Warren v. Fox Fam.*

3

*Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

To establish standing, a plaintiff must demonstrate:

> (1) [He] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, (2000).

Like the district court, we address separately each of the allegedly violative practices that Ryan S. challenges.

1.     Pre-authorization Requirement

Ryan S. challenged United's alleged policy of requiring a patient to obtain pre-authorization for out-of-network outpatient substance use disorder treatment, while not imposing the same requirement for other medical care.  But Ryan S. conceded that his treatment providers obtained the required pre-authorization.  As such, any harm he suffered cannot be linked to a refusal to pay for lack of pre-authorization.

To the extent that Ryan S. alleged harm resulting from delay in treatment while awaiting pre-authorization, the relief requested would not redress such harm.  As to himself, Ryan S. sought only disgorgement of profits, a re-evaluation of his claims, and a declaration that the pre-authorization requirement is

unlawful.  There was no allegation that United profited from any delay in treatment.  Similarly, a re-evaluation of the claim would not remedy a delay that has already occurred.  And a declaration that the pre-authorization requirement violates ERISA would not redress such delay unless Ryan S. alleged that he was likely to be subject to the requirement again.  He made no such allegation.  Thus, Ryan S. has no injury linked to the pre-authorization requirement that would be redressed by the relief requested.  He therefore lacks standing to challenge this practice.  We affirm the district court's dismissal as to this claim.

2.      Outpatient Treatment Coverage

Next, Ryan S. alleged that United impermissibly refused to cover outpatient treatment for substance use disorder.  Ryan S. participated in two different periods of treatment for his substance use disorder.  He claims that United did not pay for any of the outpatient treatment during the first course, and paid for only some of the outpatient treatment at nominal or inappropriate rates during the second.  This alleged denial of coverage left Ryan S. with hundreds of thousands of dollars in unpaid medical bills.  We conclude that Ryan S.'s allegations are sufficient to establish standing to challenge United's alleged practice.

Read in the light most favorable to Ryan S., he alleged that he was entitled to certain coverage, that he was denied that coverage, that United does not refuse such coverage for other medical or surgical care, and that the denial left Ryan S.

with unpaid bills.  That United paid for some of Ryan S.'s outpatient treatment may affect whether Ryan S. can prove his claims, but it does not preclude his standing to challenge an alleged practice.  Further, Ryan S.'s request for an injunction that would require United to re-evaluate all benefits determinations for substance use disorder treatments and pay any wrongfully denied claims would redress Ryan S.'s alleged injury.[1]  Thus, we reverse the district court as to this claim.

---

[1]  On appeal, United argues that Ryan S. cannot seek such relief pursuant to 29 U.S.C. § 1132(a)(3) and that Ryan S. instead needed to file suit under § 1132(a)(1) to recover benefits.  Under § 1132(a)(1)(B), a plan beneficiary may bring a civil action to "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  While § 1132(a)(3) is a catch-all provision that allows a beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan," we reject United's position that Ryan S.'s § 1132(a)(3) claim is improper for two alternative reasons.  First, Defendant failed to raise this argument below and therefore forfeited the issue.  *See El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000).  Second, this Circuit has held that a plaintiff in an ERISA case may pursue claims under both § 1132(a)(1) and § 1132(a)(3) if the relief is not duplicative.  *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 962 (9th Cir. 2016).  Here, Ryan S. does not merely seek recovery for denial of benefits, he seeks a reconsideration of his (and others') claims under a different benefits determination regime and without a preordained result.  He also seeks a declaration that United's practices violate ERISA and seeks disgorgement of United's profits. We are not willing to say this early in the litigation that Ryan S.'s requested remedies are improper under § 1132(a)(3).

3.      Cross-plan Offsetting

Ryan S. also challenged United's alleged practice of "cross-plan offsetting."

Ryan S. claimed that United refused to pay Ryan S.'s providers for his treatments

as a means to recoup purported overcharges to United for providers' care to other

patients.  This practice allegedly left Ryan S. "responsible" for unpaid bills that

United agreed were covered under his plan.  However, Ryan S.'s conclusory

statement that he is "responsible" for the bills is insufficient to establish that he

was harmed by the alleged offsetting.  Ryan S. alleges no facts that plausibly

explain why cross-plan offsetting would cause the bills to fall to him.[2]  Thus, Ryan

S. has not alleged that his harm is fairly traceable to United's practice.  *See*

*California v. Texas*, 593 U.S. ___, 141 S. Ct. 2104, 2117 (2021) ("[W]here a

causal relation between injury and challenged action depends upon the decision of

an independent third party . . . standing is not precluded, but it is ordinarily

substantially more difficult to establish." (internal quotation marks and citations

omitted)).  We affirm the district court's finding that Ryan S. lacks standing to

challenge United's purported cross-plan offsetting.

---

[2]  Ryan S.'s assertions that he is "responsible" for certain bills that United sought
to recoup from providers are distinct from his claims that United allegedly refused
to cover certain treatments or services.  In the latter scenario, the alleged harm is
more directly traceable to United's actions and does not involve any decision by a
third-party.

4.      Auxiliary Treatments

Plaintiff alleges that United refused to pay for certain treatments for substance use disorders that they pay for in other contexts, such as cancer or chronic disease treatment.  These treatments include covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder.  We conclude that Ryan S. has standing to challenge this alleged practice.

Ryan S. alleged that United refused to pay for any such services during his first treatment episode.  After his second treatment episode, Ryan S. claimed that United refused to pay for any of the treatments but for "some of the cost of a few breathalyzer tests."  The alleged violations left Ryan S. with unpaid medical bills.

The district court concluded that because United covered some of the breathalyzer tests, there was no categorical practice, or if there was, it was not applied to Ryan S.  However, Ryan S. need not necessarily prove that any practice was categorical.  The thrust of Ryan S.'s lawsuit is that United handles claims for treatment of substance use disorder differently than it handles treatment for other claims.  At this early stage of the proceedings, it is sufficient for Ryan S. to allege that United failed to cover some treatment he thinks he is entitled to under his plan or the law, and that such a refusal harmed him.  Reading the TAC in the light most

8

favorable to Ryan S. he has done that as to this challenged practice.  We therefore reverse the district court on this claim.

5.      Clinical Laboratory Services

Ryan S.'s fifth challenged practice is that United "impermissibly demand[s] refunds and/or refuse[s] to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder as either beyond the numerical limitation and/or simply not covered or reimbursable for individuals in treatment for a substance use disorder."  He claimed that United used the "ALERT system" or a "similar protocol or algorithm" to limit or exclude the claims for coverage.

To the extent Ryan S. challenges United's alleged practice of seeking refunds from providers of clinical laboratory services, the standing inquiry mirrors the analysis as to the cross-plan offsetting where a third-party's actions become relevant.  Plaintiff has not alleged sufficient facts to connect such an alleged practice to his purported harm.

But, to the extent United denied or limited coverage for certain clinical laboratory services, Ryan S. has standing to challenge that practice.  He alleged that United only provided "limited coverage for a limited number of the laboratory services between 18% and 70% of billed charges" for Ryan S.'s first treatment period and only covered "some" of the laboratory services during the second, which left him with medical bills.  Therefore, we reverse the district court's denial

of standing to challenge this practice in part.

      6.      Reimbursement at Medicare Rates

The last practice that Ryan S. contested was United's alleged practice of paying substance use disorder treatment claims at inapplicable Medicare rates. We conclude Plaintiff lacks standing to challenge this practice for the same reason we reject standing as to the cross-plan offsetting. Plaintiff has not alleged facts linking United's purported payment of inapplicable Medicare rates to his providers to Ryan S.'s unpaid medical bills. Without more, Ryan S. has not alleged any harm that is fairly traceable to United's alleged practice. We thus affirm the district court on this claim.

For the foregoing reasons, we affirm in part, reverse in part, and remand for proceedings consistent with this memorandum disposition.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ryan S. v. UnitedHealth Group, Inc. et al.*, 20-56310

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in the memorandum disposition, except as to sections 2, 4, and 5. As to the claims at issue in those sections, I would affirm the dismissal on the ground that Ryan S. failed to plead sufficient facts to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In upholding the claims addressed in sections 2, 4, and 5, the majority essentially relies on the view that Ryan S. has adequately pleaded a claim that he was not provided the benefits to which he was entitled under the plan documents and the applicable law. I need not decide whether that conclusion is correct, because in my view it asks the wrong question. Ryan S.'s operative complaint pointedly does *not* allege a claim for denial of benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Instead, that complaint rests on the distinct theory that Defendants adopted certain general "practices" for handling particular types of claims that were not consistent with "the governing plan documents" or ERISA's "parity provisions," and that Defendants' use of these unlawful practices may be enjoined under § 502(a)(3) of ERISA, *id*. § 1132(a)(3). The allegations supporting the existence of the relevant practices, however, are entirely conclusory.

The practices at issue are "refusing, without basis," to pay for covered outpatient treatment claims, "refusing to cover and pay" for a variety of auxiliary

treatment services, and "demanding refunds and/or refusing to cover and pay for covered clinical laboratory claims."  But beyond the allegation that Ryan S. did not receive all of the benefits and reimbursements to which he thought he was entitled, the complaint is devoid of any allegations that would plausibly establish that these instances of alleged failure to pay benefits reflected a *general practice*, as opposed to case-specific errors or deficiencies that occurred in Ryan S.'s case.  Pointing to *one* patient's alleged denial of behavioral health benefits, standing alone, does not support a plausible inference that Defendants employ broader policies of the sort alleged here.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint does not "suffice if it tenders naked assertions devoid of further factual development") (simplified).  Because the complaint does not allege sufficient facts to support the particular theory on which it chose to rely, I would uphold the dismissal of these claims on that basis.