JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss</u>**

   Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., UnitedHealthcare Insurance Company, UHC of California, United HealthCare Services LLC, United Behavioral Health, OptumInsight, Inc., Optum Services, Inc., and Optum, Inc. (collectively, "UnitedHealthcare" or "Defendants") renew their motion to dismiss the third amended complaint ("TAC") of Plaintiff Ryan S. ("Ryan").  Mot., Dkt. 78.  Ryan opposed the motion.  Opp'n, Dkt. 80.  Defendants responded.  Reply, Dkt. 81.

   For the following reasons, the Court **GRANTS** the motion to dismiss.  The Court finds that oral argument would not be helpful in this matter.  Fed R. Civ. P. 78; L.R. 7-15.

## I. BACKGROUND

   This case concerns denial of insurance coverage for substance use disorder and mental health treatment.  Ryan asserts one cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and (g).  See TAC, Dkt. 60 ¶¶ 64–70.  He is a participant in a group health plan governed by ERISA (the "Plan") that is allegedly insured, managed, and/or administered by Defendants.  Id. ¶ 16.  He alleges that Defendants' "access, coverage, and claims-handling policies, practices, and decisions for substance use disorder treatment and services" violate ERISA and the Plan.  Id. ¶ 39.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)                    Date  July 14, 2022

Title  <u>Ryan S. v. UnitedHealth Group, Inc., et al.</u>

*A.    Procedural Background*

The TAC alleges that Defendants engaged in six practices that breached their duties as ERISA fiduciaries, violated ERISA, and violated the terms of the Plan. <u>Id.</u> ¶ 41. The Court previously dismissed Ryan's first amended complaint for lack of Article III standing, <u>see</u> Dkt. 41, and dismissed Ryan's second amended complaint for lack of Article III standing, <u>see</u> Dkt. 58. On December 3, 2020, the Court granted Defendants' motion to dismiss the TAC for lack of Article III standing and denied leave to amend. Dkt. 66.

Ryan timely appealed, and on November 10, 2021, the Ninth Circuit granted in part and denied in part the appeal. Dkt. 69. The Ninth Circuit held that Ryan had standing to challenge Defendants' practices related to: (2) Outpatient Treatment Coverage; (4) Auxiliary Treatments; and (5) Clinical Laboratory Services. It affirmed the Court's holding that he lacked standing to challenge the practices related to: (1) Pre-Authorization Requirements; (3) Cross-Plan Offsetting; and (6) Reimbursement at Medicare Rates. Neither this Court nor the Ninth Circuit majority opinion considered Defendants' arguments that the TAC should be dismissed pursuant to Rule 12(b)(6). <u>See</u> Dkt. 63 at 18–24. Consistent with the briefing schedule stipulated by the parties and approved by the Court, Defendants renewed their motion to dismiss on those grounds.

*B.    Factual Background*

The following factual background relies on the allegations in the TAC, with a focus on the three practices that Ryan has standing to challenge. Ryan resided and received treatment for a substance use disorder at an out-of-network program located in Orange County, California. <u>Id.</u> ¶ 15. He also received covered laboratory services in connection with his treatment. <u>Id.</u>

The Plan pays benefits for out-of-network substance use disorder and mental health treatment at all levels of care, including detoxification and residential treatment, partial hospitalization, intensive outpatient ("IOP") and outpatient treatment ("OP"), counseling and behavioral therapies, case and treatment management, and clinical laboratory services at 70% of covered charges until the deductible/out-of-pocket maximum is met, at which time the plan pays 100%. <u>Id.</u> ¶ 16. In addition, the plan reimburses out-of-network

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

substance use disorder treatment and services at the in-network level when an inadequate in-network of providers for the treatment and services rendered exists, which means that covered services in such situations are paid at nearly 100% of billed charges. Id.

Defendants limited the number of authorized treatment days at the IOP level of care, a limitation that the plan allegedly does not apply to corresponding outpatient medical and surgical treatment. Id. ¶ 32. Ryan's treatment provider obtained the required prior authorizations from UnitedHealthcare. Id. The providers submitted claims to UnitedHealthcare for the treatment and services he received. Id. Other than providing limited coverage for some of the breathalyzer tests at 82% to 95% of billed charges, and laboratory services at around 25% and 40% of billed charges, UnitedHealthcare did not pay for Ryan's covered, verified and authorized IOP treatment, OP treatment, counseling and behavioral therapy, and case/treatment management services. Id.

Thereafter, Ryan had a substance use disorder recurrence and on September 14, 2018, was admitted into treatment at an out-of-network outpatient program in San Diego County. Id. ¶ 33. The provider obtained the required prior authorizations from UnitedHealthcare and he completed the outpatient treatment program on or about June 7, 2019. Id. Other than providing limited coverage for some of the breathalyzer tests, certain laboratory services at negotiated rates, and some of the IOP and OP at nominal and inapplicable Medicare rates, UnitedHealthcare did not cover Ryan's substance use disorder treatment and services. Id.

As discussed above, the Ninth Circuit held that Ryan has standing to challenge three of the six practices identified in the TAC. First, Ryan alleges that Defendants impermissibly refuse to cover and pay for covered OP treatment claims for benefits for individuals in treatment for a substance use disorder. Id. ¶ 43. Next, he alleges Defendants refuse to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder, and does not exclude corresponding treatment on the medical and surgical side. Id. ¶ 45. Finally, he alleges Defendants impermissibly refuse to cover and pay for covered clinical laboratory claims for individuals in treatment for a substance use disorder, either in full or beyond a predetermined limitation. Id. ¶ 46.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

C. *Class Allegations*

Ryan seeks to represent a class composed of and defined as:

> All participants in or beneficiaries under an ERISA health care plan insured, managed and/or administered by [Defendants], who made claims for substance use disorder treatment and related laboratory benefits in California on or after July 11, 2013.

Id. ¶ 50.

Ryan seeks on behalf of the putative class: (1) an Order certifying the proposed Class, (2) a declaration that each of seven practices violates fiduciary duties imposed by ERISA, the Parity Act, and the terms of Ryan's and putative class members' various benefit plans; (3) an injunction requiring UnitedHealthcare to re-evaluate all claims for substance use disorder and related mental health and laboratory services and benefits; (4) disgorgement of profits; (5) attorneys' fees and costs; and (6) pre-and post-judgment interest. Request for Relief ¶¶ 2-6.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an

Case 8:19-cv-01363-JVS-KES  Document 83  Filed 07/14/22  Page 5 of 18  Page ID #:1641

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)  Date  July 14, 2022

Title  Ryan S. v. UnitedHealth Group, Inc., et al.

entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

Ryan's sole claim for relief is brought pursuant to 29 U.S.C. § 1132(a)(3). See TAC ¶¶ 64–70. Under this provision, a plan participant, beneficiary, or fiduciary may bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The intent of the provision is to "act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 490 (1996). To successfully bring a claim under section 1132(a)(3), a plaintiff "must prove both (1) that there is a remediable wrong, i.e., that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan, and (2) that the relief sought is appropriate equitable relief." Gabriel v. Alaska Elec. Pension Fund, 773 F.3d 945, 954 (9th Cir. 2014) (internal quotations and citations omitted).

Defendants argue that the TAC should be dismissed pursuant to Rule 12(b)(6) because Ryan has not adequately stated a section 1132(a)(3) claim. As discussed above, the Ninth Circuit held that Ryan has standing to challenge Defendants' alleged practices related to: (2) Outpatient Treatment Coverage; (4) Auxiliary Treatments; and (5) Clinical Laboratory Services. The TAC alleges that these practices violated ERISA's parity requirements, breached fiduciary duties owed under ERISA, and violated the terms of the Plan.

*A.  Causation*

First, Defendants argue that Ryan fails to plausibly allege that his injuries were caused by the challenged practices. Mot. at 11–15. Ryan argues that this argument is foreclosed as a basis for dismissal under Rule 12(b)(6) because the Ninth Circuit held that

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

he had Article III standing to challenge three of Defendants' alleged practices. Opp'n at 12–13. In his view, no more is required for the purposes of Section 1132(a)(3).

While the causation requirements for the purposes of Article III and statutory standing are similar, they are not identical. To establish Article III standing, a plaintiff must show that they suffered an injury in fact that is fairly traceable to the conduct of the defendant and that could be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). On remand, it is settled that Ryan has Article III standing to challenge the three identified practices.

However, not every plaintiff with Article III standing may bring a cause of action under a particular statute. In addition to limiting a statutory cause of action to "plaintiffs whose interests fall within the zone of interests protected by the law invoked," courts "generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute." Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 129, 132 (2014) (internal quotation omitted). "Put simply, '[p]roximate causation is not a requirement of Article III standing,' and they are not coextensive." City of Oakland v. Wells Fargo & Co., 14 F.4th 1030, 1039 (2021) (en banc) (quoting Lexmark, 572 U.S. at 134 n.6). "If a plaintiff's allegations, taken as true, are insufficient to establish proximate causation, then the complaint must be dismissed; if they are sufficient, then the plaintiff is entitled to an opportunity to prove them." Lexmark, 572 U.S. at 134 n. 6.

Here, Defendants argue that the TAC does not support the conclusion that Ryan's injuries are a result of Defendants' alleged conduct. However, as the Ninth Circuit held, Ryan's complaint plausibly alleges that his injuries were caused by the alleged practices. See, e.g., Dkt. 69 at 5 ("Read in the light most favorable to Ryan S., he alleged that he was entitled to certain coverage, that he was denied that coverage, that United does not refuse such coverage for other medical or surgical care, and that the denial left Ryan S. with unpaid bills."). The TAC can fairly be read as alleging that United's actions were the proximate cause of Ryan's injuries.

The Defendants' argument leans heavily on Judge Collins' dissent, which indicated that it would uphold dismissal of the remaining claims "[b]ecause the complaint does not allege sufficient facts to support the particular theory on which it chose to rely." Dkt. 69

Case 8:19-cv-01363-JVS-KES   Document 83   Filed 07/14/22   Page 7 of 18   Page ID #:1643

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)                              Date   July 14, 2022

Title    Ryan S. v. UnitedHealth Group, Inc., et al.

at 12. The dissent distinguishes between a claim for denial of benefits under § 1132(a)(1)(B), which Ryan does not bring in the TAC, and Ryan's cause of action under § 1132(a)(3) to enjoin Defendants' allegedly unlawful practices. Id. at 11. In Judge Collins' view, the allegations supporting the existence of the alleged practices are "entirely conclusory" and the TAC is "devoid of any allegations that would plausibly establish that these instances of alleged failure to pay benefits reflected a *general practice*, as opposed to case-specific errors or deficiencies that occurred in Ryan[]'s case." Id. at 12.

Not only is the dissent not binding on this Court, it addresses a distinct question. The majority opinion only considered the dismissal of Ryan's TAC pursuant to Rule 12(b)(1) and did not reach the question of whether the TAC should be dismissed pursuant to Rule 12(b)(6). The Court shares the dissent's concerns that Ryan's allegations are conclusory, and believes that is relevant to the question of whether Ryan failed to state a claim. But Defendants' proximate causation argument relies on Judge Collins' dissent for a different proposition than which it stands. The dissent does not contend that Defendants' alleged conduct is too attenuated from Ryan's alleged injury. Instead, it maintains that "[t]he allegations supporting the existence of the relevant practices, however, are entirely conclusory." Id. at 11. It asserts that "[p]ointing to *one* patient's alleged denial of behavioral health benefits, standing alone, does not support a plausible inference that Defendants employ broader policies of the sort alleged here." Id. at 12 (emphasis in original). In the Court's view, this is more relevant to the question of whether Ryan's allegations are sufficiently detailed to support the conclusion that Defendants violated a provision of ERISA or of the Plan.

Thus, the Court declines to dismiss the TAC for failure to allege proximate causation.

B.   *Parity Act*

Next, Defendants argue that Ryan fails to state a claim based on the Parity Act. Mot. at 16–19. "The Parity Act requires that benefits in a plan that provides for 'both [] medical and surgical benefits and [] mental health or substance use disorder benefits,' must not impose more restrictions on the latter than it imposes on the former." Danny P v. Catholic Health Initiatives, 891 F.3d 1155, 1158 (9th Cir. 2018) (quoting 29 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)   Date  July 14, 2022

Title  Ryan S. v. UnitedHealth Group, Inc., et al.

1185a(a)(3)(A)).  To ultimately succeed on a Parity Act claim, a plaintiff must show that there was a "more restrictive limitation on [mental health or substance use disorder] treatment than limitations on treatment for medical and surgical issues."  Stone v. UnitedHealthcare Ins. Co., 979 F.3d 770, 774 (9th Cir. 2020).  While the statutory "language is quite clear, in general," Danny P., 891 F.3d at 1158, the pleading requirements remain unsettled.

        *i.*    *Pleading Standard*

"'[T]here is no clear law on how to state a claim for a Parity Act violation,' so 'district courts have continued to apply their own pleading standards.'"  Patrick S. v. United Behavioral Health, 516 F. Supp. 3d 1303, 1306 (D. Utah 2021) (quoting Michael W. v. United Behavioral Health, 420 F. Supp. 3d 1207, 1234 (D. Utah 2019)); see also Smith v. Golden Rule Ins. Co., 526 F. Supp. 3d 374, 390 (S.D. Ind. 2021) (same).  Courts distinguish between different types of Parity Act claims: "Plaintiffs may allege that the Plan contains an exclusion that is discriminatory on its face; the Plan contains an exclusion that is discriminatorily applied between mental health treatment and its clear medical/surgical analog; and/or that the Plan's exclusion is the result of an improper process that violates the Parity Act."  Michael W., 420 F. Supp. 3d at 1235–36; see K.K. v. Premera Blue Cross, 2022 WL 1719134, at *3 (W.D. Wash. May 27, 2022) ("This Court permits plaintiffs to plead a facial violation or an as-applied Parity Act violation.").

      Defendants argue that to state a claim for violation of the Parity Act, Ryan must "(1) identify the specific limitation in his plan or the record that was applied to his behavioral health treatment claim; (2) identify services in the medical/surgical arena that are both covered under the plan and analogous to the specific behavioral health services at issue; and (3) plausibly allege a disparity in the limitation criteria between the comparable behavioral and medical/surgical services."  Mot. at 16 (citing Welp v. Cigna Health & Life Ins. Co., 2017 WL 3263138, at *5–6 (S.D. Fla. July 20, 2017).  While some courts have adopted the Welp standard, this Court is not convinced that an out-of-circuit, unpublished district court order controls here.

      In particular, the TAC does not identify any specific plan terms that are facially discriminatory.  Ryan confirms that he is bringing an as-applied challenge based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-1363 JVS (KESx)                                  Date    July 14, 2022

Title       Ryan S. v. UnitedHealth Group, Inc., et al.

Defendants' practices.  See Opp'n at 15.  Several courts have expressly declined to follow Welp, in part because it is inconsistent with the principle that plaintiffs may "allege that the plan as applied by the insurance administrator violates the Parity Act." Michael W., 420 F. Supp. 3d at 1235.  Courts generally apply a distinct inquiry for claims alleging as-applied Parity Act violations.  See M.N. v. UnitedHealthcare Ins., 2020 WL 1644199, at *4 n. 61 (D. Utah April 2, 2020) (declining to adopt a standard that requires identifying a specific plan limitation because the plaintiff is bringing an as-applied challenge); K.K., 2022 WL 1719134, at *3 ("Plaintiffs alleging as-applied Parity Act violations must simply allege that the insurer applied the plan in a disparate way as to mental health or substance use disorder treatment, regardless of what the plan itself says. . . .This approach is consistent with several other courts, both within and outside of the Ninth Circuit."); see also A.Z. v. Regence Blueshield, 333 F. Supp. 3d 1069, 1082 (W.D. Wash. 2018) (concluding that "allegations that Defendants disparately apply an otherwise 'facially neutral plan term' are sufficient for purposes of withstanding dismissal at the pleadings stage").

      Courts use multiple different pleading standards for as-applied challenges.  Some courts require plaintiffs to allege four elements: "(1) the relevant group health plan is subject to the Parity Act; (2) the plan provides both medical/surgical benefits and mental health or substance use disorder benefits; (3) the defendant applied a facially-neutral plan term more restrictively to limit mental health/substance use disorder benefits; and (4) defendant applied the same facially-neutral plan term to medical/surgical treatment in the same classification as—or at least analogous to—the mental health/substance use disorder treatment in question." M.N., 2020 WL 1644199, at *4. Alternatively, other courts require plaintiffs to "(1) identify a specific treatment limitation on mental health benefits, (2) identify medical/surgical care covered by the plan that is analogous to the mental health/substance abuse care for which [Plaintiffs] seek benefits, and (3) plausibly allege a disparity between the treatment limitation on mental health/substance abuse benefits as compared to the limitations that [Defendants] would apply to the covered medical/surgical analog." Patrick S. v. United Behavioral Health, 516 F. Supp. 3d 1303, 1307 (D. Utah 2021) (internal quotation omitted).

      Given the lack of binding Ninth Circuit authority, the Court follows other courts and concludes that Ryan "may successfully plead a Parity Act claim under any of the various standards discussed above." Michael W., 420 F. Supp. 3d at 1235; see Bushell v.

Case 8:19-cv-01363-JVS-KES Document 83 Filed 07/14/22 Page 10 of 18 Page ID #:1646

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)                              Date   July 14, 2022

Title   Ryan S. v. UnitedHealth Group, Inc., et al.

UnitedHealth Grp. Inc., 2018 WL 1578167, at *6 (S.D.N.Y. Mar. 27, 2018) ("[T]he nature of . . . Parity Act claims counsels against a rigid pleading standard."). Of note, all relevant standards require that the plaintiff allege facts showing that less restrictive limitations were applied to analogous claims for medical or surgical benefits. See M.N., 2020 WL 1644199, at *6 ("Without some facts about actual, as-applied, analogous medical treatment coverage, other than labels and conclusions, there can be no comparison and hence no claim. That is, the court requires 'plausible grounds to infer' Defendants actually applied a more restrictive treatment limitation to mental health benefits than it applied to comparable medical/surgical benefits."); Patrick S., 516 F. Supp. 3d at 1308. ("Plaintiffs must identify medical/surgical care covered by the plan that is analogous to the mental health/substance abuse care for which they seek benefits."); Welp, 2017 WL 3263138, at *6 ("[A]t the very least, a plaintiff must identify the treatments in the medical/surgical arena that are analogous to the sought-after mental health/substance abuse benefit and allege that there is a disparity in their limitation criteria.").

   ii. *Ryan's Allegations*

  In opposition to this motion, Ryan points to several allegations in the TAC that he asserts are sufficient to state a Parity Act claim. See Opp'n at 15. Several of those allegations relate to practices that the Ninth Circuit held that he does not have standing to challenge. See TAC ¶ 17 (prior authorization requirements ); ¶¶ 35–36 (cross-plan offsetting); ¶ 37 (refunds in connection with laboratory services); ¶ 42 (prior authorization); ¶ 44 (cross-plan offsetting); ¶ 47 (reimbursement at Medicare rates).

  Ryan also identifies four paragraphs of allegations relevant to the practices that he does have standing to challenge. See id. ¶ 43 (alleging that Defendants "impermissibly refuse to pay for covered and medically necessary OP treatment claims for benefits for individuals, like Ryan, in treatment for a substance use disorder" in violation of ERISA's parity provisions because "UnitedHealthcare does not refuse to pay for medically necessary OP treatment on the medical and surgical side"); ¶ 45 (alleging that Defendants "refuse to cover and pay for covered counseling and behavioral therapy, case and treatment management services, pharmacologic management services, and breathalyzer testing for individuals in treatment for a substance use disorder, including for Ryan, and does not exclude corresponding treatment on the medical and surgical side or treatment

Case 8:19-cv-01363-JVS-KES Document 83 Filed 07/14/22 Page 11 of 18 Page ID #:1647

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)                    Date  July 14, 2022

Title     Ryan S. v. UnitedHealth Group, Inc., et al.

protocols for insured cancer and other patients with chronic diseases that require complicated treatment protocols"); ¶ 46 (alleging that Defendants refuse to pay laboratory claims based on "unwritten, extra-plan limits or exclusions" that "constitute impermissible quantitative treatment limitations that UnitedHealthcare does not place on laboratory services on the medical and surgical side"); ¶ 39 (summarizing general allegations regarding the challenged practices).

Defendants argue that Ryan's allegations are insufficient to state a Parity Act claim for several different reasons. While some of their concerns are not relevant under the pleading standards for an as-applied claim, the Court agrees that the TAC does not allege violations of the Parity Act in sufficient detail. The allegations related to each of the three different practices suffer from the same two key flaws.

First, Ryan's assertion that the purported categorical practices exist are entirely conclusory. Other than the fact that some of his claims were denied, there are no factual allegations to support the allegation that this was part of a larger practice on the part of the Defendants. He cites to nothing from the claim denials or other parts of his own file that would bolster his conclusion. He is also undermined by the fact that while he alleges uniform practices of denying certain types of claims, according to the TAC, Defendants did not even deny coverage within each category of claims at issue. See TAC ¶¶ 32–33 ("Other than providing payment for some of the cost of a few of the breathalyzer tests, certain laboratory services at negotiated rates, and some of the IOP and OP at nominal and inapplicable Medicare rates, UnitedHealthcare did not cover or pay for any of Ryan's covered, verified and authorized substance use disorder treatment and services."). These conclusory allegations are insufficient to support the claim that Ryan's denials were the result of a larger practice. See H.H. v. Aetna Ins. Co., 342 F. Supp. 3d 1311, 1320 (S.D. Fla. 2018) (dismissing Parity Act claim because allegations that "under two different insurance plans, Aetna denied coverage for services provided by two separate inpatient residential treatment facilities" do not suggest a categorical practice of denial); Dkt. 69 at 12 (Collins, J., dissenting) (concluding that the TAC is "devoid of any allegations that would plausibly establish that these instances of alleged failure to pay benefits reflected a *general practice*, as opposed to case-specific errors or deficiencies that occurred in Ryan[]'s case")

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

Additionally, Ryan fails to allege that less restrictive limitations were applied to analogous claims for medical or surgical benefits in sufficient detail. "Without facts about actual, as-applied, analogous medical treatment coverage, there can be no comparison and thus no claim." Kirsten W. v. Calif. Physicians' Serv., 2021 WL 83264, at *3 (D. Utah Jan. 11, 2021). Courts recognize that at this stage in the litigation, plaintiffs may not have access to sufficient information to provide an in-depth comparison of the allegedly analogous treatment. See Smith, 526 F. Supp. 3d at 390 ("[A]s many district courts have acknowledged, more specific information is not within [the plaintiff]'s possession, and further discovery and potentially expert testimony will be required to prove or disprove whether the other identified services are in fact analogous or whether the medical necessity requirement is indeed applied differently to mental health and substance abuse services."). However, at a minimum, plaintiffs must allege plausible grounds to infer that the insurer applied a more restrictive limitation to mental health benefits than comparable medical or surgical benefits. See Kirsten W., 2021 WL 83264, at *3 (dismissing Parity Act claim because the complaint's "conclusory statements contend that BSC treats individuals seeking medical or surgical benefits differently than those seeking mental health treatment, but they do not provide factual allegations about the alleged disparate treatment").

Courts regularly dismiss Parity Act claims on the grounds that they fail to allege sufficient details regarding analogous practices. See, e.g., Anne M. v. United Behavioral Health, 2019 WL 1989644, at *2–3 (D. Utah May 6, 2019) (dismissing Parity Act claim because allegations that "UBH denied benefits to E. applying the Plan's medical necessity criteria for mental health disorders in a more stringent way than it applies medical necessity criteria for medical/surgical disorders" were "merely conclusory allegations devoid of factual support"); E. M. v. Humana, 2019 WL 4696281, at *4 (D. Utah Sept. 26, 2019) (dismissing Parity Act claim because "Plaintiffs have failed to include sufficient allegations identifying the discriminatory processes, strategies, standards, or other factors or criteria used to deny benefit" and "Plaintiffs have also failed to include allegations that they requested additional information from Humana about the alleged discriminatory criteria used to deny benefits").

Parity Act claims that survive motions to dismiss typically rely on allegations that provide at least some detail regarding the allegedly analogous treatment on the medical side. See Smith, 526 F. Supp. 3d at 390 (plaintiff alleged that defendants presumptively

Case 8:19-cv-01363-JVS-KES   Document 83   Filed 07/14/22   Page 13 of 18   Page ID #:1649

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)                    Date  July 14, 2022

Title      Ryan S. v. UnitedHealth Group, Inc., et al.

authorized coverage for "diagnostic tests, for blood glucose monitoring, for urine tests for diabetics, for insulin, for injection aids, syringes and needles, all used in the treatment of diabetes," while not presumptively authorizing coverage for UA tests, "even when treating physicians recommend it and even when such tests are considered standard and medically appropriate by the overwhelming majority of relevant providers"); K.K., 2022 WL 1719134, at *3 (plaintiff pled Parity Act claim where allegations concerned "medical necessity criteria and requirement of acute symptoms for sub-acute mental health residential treatment, which [insurer] does not require for medical and surgical treatment at analogous facilities."); James C. v. Anthem Blue Cross and Blue Shield, 2020 WL 3452633, at *4 (D. Utah June 24, 2020) (allowing as-applied challenge where defendants allegedly "apply short-term criteria to deny long-term treatment at residential treatment centers more frequently, and disproportionately, than they did long-term treatment at skilled nursing facilities"); Patrick S., 516 F. Supp. 3d at 1308 (allowing claim where "Plaintiffs identified subacute inpatient care such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities as medical/surgical analogues to the treatment" provided); Michael W., 420 F. Supp. 3d at 1237 ("Plaintiffs plausibly allege that Defendants' standards for evaluating medical necessity are stricter for continued care at Residential Treatment Centers than for continued care at medical/surgical inpatient facilities offering analogous levels of treatment, including skilled nursing facilities, inpatient rehabilitation facilities, or inpatient hospice care"); Craft v. Health Care Service Corp., 2016 WL 1270433, at *11 (N.D. Ill. Mar. 31, 2016) (denying motion to dismiss Parity Act cause of action where plaintiffs alleged that insurers guidelines for consideration of mental health claims were inconsistent with generally accepted standards of care, where as medical claims were not).

Ryan argues that "[n]o analogy is needed since United must surely concede that it covers outpatient services and labs for patients seeking medical and surgical treatment and that, at least some of the time, it pays for such services." Opp'n at 16. But merely stating that Defendants handle claims on the medical side differently is not sufficient under any of the prevailing pleading standards for a Parity Act claim. The TAC provides no comparator for the practices of outpatient treatment and laboratory services. See TAC ¶ 43 (alleging that Defendants do not refuse to pay for "medically necessary OP treatment on the medical and surgical side"); ¶ 46 (alleging Defendants do not place limitations on "laboratory services on the medical and surgical side"). Those broad analogies and recitation of the elements of the claim are insufficient. See Charles W. v. United

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

Behavioral Health, 2019 WL 6895331, at *5 (D. Utah Dec. 18, 2019) (dismissing Parity Act claim because allegations parroting the language of the statute and implementing regulation and a "reference to 'sub-acute inpatient facilities' is simply too broad to satisfy the requirement that Plaintiffs identify sufficient analogous treatment areas").

The TAC offers slightly more detail regarding the alleged analogy for auxiliary treatments. See TAC ¶ 45 (alleging Defendants "do[] not exclude corresponding treatment on the medical and surgical side or treatment protocols for insured cancer and other patients with chronic diseases that require complicated treatment protocols"). But this is not enough to save Ryan's claim. There is no explanation of why that is "cancer and other patients with chronic diseases that require complicated treatment protocols" are sufficiently analogous or allegations to suggest that he has any knowledge that those claims are actually handled differently. He does not provide any explanation in the TAC or his opposition briefing why this is an appropriate comparator, nor does he cite to any regulation or case law finding the same. Cf. Patrick S., 516 F. Supp. 3d at 1308–09 (rejecting argument that analogous services identified in complaint were too general and inaccurate because prior cases and the Parity Act regulation previously stated that the comparison was appropriate).

Taken together, these deficiencies cause the TAC to fall short of other cases where courts have found that the plaintiff stated a Parity Act claim. For instance, in Bushell, the plaintiff alleged that the insurer categorically refused to pay for nutrition counseling related to anorexia, a mental illness, but covered similar counseling for medical conditions, like diabetes. Bushell, 2018 WL 178167 at *1. The Court determined this was sufficient to state a claim because "it is enough to plausibly plead that there is a categorical exclusion for mental health benefits but not for medical benefits." Id. at *6. It declined to require allegations regarding the specific process for denial of the plaintiff's claim because "[w]hile a plaintiff may be able to find out what process her insurer used to deny her claim, it is much more difficult to find out the process her insurer uses to evaluate analogous medical claims." Id. at *6.

Ryan fails to meet this standard. Most importantly, despite having access to his full records he fails to plausibly allege that the accused practices exist and were applied to his own claims. He does not plausibly plead that his claims were categorically denied – unlike in Bushell, some of his claims for outpatient treatment, auxiliary treatments, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

laboratory services were paid by Defendants. Finally, not only does he not allege what process Defendants applied to medical claims, he does not identify an analogous medical condition that is treated differently. While the pleading standard does not require extensive detail about analogous practices, but it does require more than conclusory statements and recitation of the legal standard.

Thus, the Court concludes that the TAC fails to plausibly allege that Defendants have engaged in practices that violate the Parity Act.

    C.    *Breach of Fiduciary Duty*

Defendants also argue that Ryan fails to state a § 1132(a)(3) claim based on the theory of breach of fiduciary duty. Mot. at 19–20. Defendants maintain that the alleged conduct at issue does not encompass fiduciary functions under ERISA, thus fiduciary liability cannot attach. Mot. at 19–20.

"[I]n every case charging breach of ERISA fiduciary duty, the threshold question is not whether the actions of some person providing services under the plan adversely affected a plan beneficiary's interest, but whether that person was performing a fiduciary function when taking the action subject to complaint." Pegram v. Herdrich, 530 U.S. 211, 226 (2000). "[T]he alleged wrong must occur in connection with the performance of a fiduciary function to be cognizable as a breach of fiduciary duty." Bafford v. Northrop Grumman Corp., 994 F.3d 1020, 1028 (9th Cir. 2021). "[P]erformance of ministerial duties or processing claims does not make a party a fiduciary under ERISA." Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130 F.3d 1355, 1361 (9th Cir. 1997) (citing Kyle Railways, Inc. v. Pac. Admin. Servs., Inc., 990 F.2d 513, 516 (9th Cir. 1993)).

First, Ryan contends that this argument was not raised in Defendants' original motion to dismiss the TAC because it relies on a Ninth Circuit decision that was issued in the interim. Opp'n at 20. This is not persuasive. Defendants cite to several portions of their prior motion to dismiss making a nearly identical argument. See Reply at 12–13 (citing Dkt. 63 at 21–23). The Bafford opinion was issued on April 15, 2021, while

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

Ryan's appeal of this Court's prior order dismissing the TAC was pending. It does not change the relevant law here, nor do Defendants rely on it to support a new theory. It is permissible to cite to new binding authority in support of an argument that was previously made.

Next, Ryan argues that the TAC "alleges that those responsible for deciding benefit claims under his Plan and other similar plans set up and operated a systematic and intentional regime designed to automatically deny or severely limit payment for SUD and mental health treatment in order to profit United." Opp'n at 20. Ryan alleges that Defendants engaged in a systematic effort to engage in practices such that Ryan was "unable to obtain timely access to and coverage" for treatment. Opp'n at 19 (quoting TAC ¶ 1).

However, this suffers from the same flaws as his Parity Act theory. Ryan's allegations that Defendants engaged in discretionary conduct to deny all SUD and mental health claims are overly conclusory. He does not allege any specific details going beyond his assertion that this is true. This is undermined by the fact that he only alleges facts concerning his own claims, some of which Defendants paid. See TAC ¶ 33. To the extent that there is other conduct at issue in the TAC, it does not describe exercises of discretionary authority that would support a claim for breach of fiduciary duty. See Doe v. United Behavioral Health, 523 F. Supp. 3d 1119, 1124 (N.D. Cal. 2021) ("Above all, fiduciary status under ERISA is not an all-or-nothing concept, and a court must ask whether a person is a fiduciary with respect to the particular activity at issue.") (internal quotations and alterations omitted).

Accordingly, the Court finds that Ryan has not plausibly alleged that his injuries were the result of a breach of ERISA fiduciary duties.

### D. *Violation of Plan Terms*

Finally, Defendants argue that the TAC fails to state a claim for a violation of the Plan's terms. Mot. at 20–21. In response, Ryan contends that the TAC "expressly alleges that Defendants' actions have violated the Plan's promise to cover 'medically necessary' SUD treatment at all levels of care by setting up a system of practices

Case 8:19-cv-01363-JVS-KES Document 83 Filed 07/14/22 Page 17 of 18 Page ID #:1653

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1363 JVS (KESx)  Date  July 14, 2022

Title  Ryan S. v. UnitedHealth Group, Inc., et al.

intentionally designed to thwart access to this promised coverage." Opp'n at 21 (citing TAC ¶¶ 16, 43).

"A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." Steelman v. Prudential Ins. Co. Am., 2007 WL 1080656, at *7 (E.D. Cal. Apr. 4, 2007) (quoting Stewart v. National Educ. Ass'n, 404 F. Supp. 2d 122, 130 (D.D.C.2005) aff'd Stewart v. National Educ. Ass'n, 471 F.3d 169 (D.C. Cir.2006). "Indeed, '[t]he Court may . . . dismiss an action if the plaintiff is not entitled to a benefit they seek under the ERISA-regulated plan." Id. Ryan's allegations are entirely conclusory and insufficiently detailed. He does not cite to any Plan language to support his contention that he is eligible for these benefits or that they were wrongfully denied. Additionally, the Court notes that Defendants maintain that the Plan only covers medically necessary substance use disorder treatment if additional criteria are satisfied. See Reply at 15 (citing to different plan provisions). Accordingly, the Court finds that Ryan has not alleged facts sufficient to support his theory based on a violation of the Plan terms.

Thus, the Court concludes that Ryan's complaint is subject to dismissal pursuant to Rule 12(b)(6) for failure to state a section 1132(a)(3) claim because he does not plausibly allege a violation of ERISA or of the terms of the Plan. The Court **GRANTS** Defendants' motion to dismiss.

E.  *Leave to Amend*

Defendants argue that the TAC should be dismissed without leave to amend. Mot. at 24–25. The Court agrees. "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted). Ryan has already submitted four pleadings in this action. While the first two dismissals were on standing grounds, the same issues underlying the Court's dismissal in this Order were repeatedly raised by Defendants in their three successive motions to dismiss. Additionally, the Court's prior dismissals repeatedly identified the lack of detail to support Ryan's allegations. "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." Salameh v. Tarsadia

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1363 JVS (KESx) | Date | July 14, 2022 |
| Title | Ryan S. v. UnitedHealth Group, Inc., et al. | | |

Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting Sisseton–Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir.1996)).  The Court **DENIES** leave to amend because further amendments of Ryan's complaint would be futile.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss.  The Court finds that oral argument would not be helpful in this matter.  Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |