FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN S., individually and on behalf of all others similarly situated, | No. 22-55761 |
| *Plaintiff-Appellant*, | D.C. No. 8:19-cv-01363-JVS-KES |
| v. | |
| UNITEDHEALTH GROUP, INC., a Delaware corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation; UHC OF CALIFORNIA, a California corporation; UNITED HEALTHCARE SERVICES, LLC, a Delaware limited liability company; UNITED BEHAVIORAL HEALTH, INC., a California corporation; OPTUMINSIGHT, INC., a Delaware corporation; OPTUM SERVICES, INC., a Delaware corporation; OPTUM, INC., a Delaware corporation, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 19, 2023
Pasadena, California

Filed April 11, 2024

Before: Richard R. Clifton and Gabriel P. Sanchez, Circuit Judges, and Edward R. Korman,[*] District Judge.

Opinion by Judge Clifton

## SUMMARY[**]

### ERISA

The panel reversed in part and affirmed in part the district court's judgment, and remanded for further proceedings, in a case in which Ryan S. brought a putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA") against UnitedHealth Group, Inc. and its subsidiaries (collectively, "UnitedHealthcare").

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Ryan S. alleged that UnitedHealthcare applies a more stringent review process to benefits claims for outpatient, out-of-network mental health and substance use disorder ("MH/SUD") treatment than to otherwise comparable medical/surgical treatment. Ryan S. asserted that by doing so, UnitedHealthcare has violated the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act"), 29 U.S.C. § 1185a, in the process also breaching its fiduciary duty and violating the terms of his plan.

The district court granted UnitedHealthcare's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based primarily on its conclusions that Ryan S. (1) failed to allege that his claims had been "categorically" denied and (2) insufficiently identified analogous medical/surgical claims that he had personally submitted and UnitedHealthcare had processed more favorably.

The panel concluded that Ryan S. adequately stated a claim for a violation of the Parity Act. The panel explained that an ERISA plan can violate the Parity Act in different ways, including by applying, as Ryan S. alleged here, a more stringent internal process to MH/SUD claims than to medical/surgical claims. A plaintiff presenting that type of contention may be able to allege a plausible claim without having to allege a categorical practice or differential treatment for his or her medical/surgical claims. It is enough for such a plaintiff to allege the existence of a procedure used in assessing MH/SUD benefit claims that is more restrictive than those used in assessing medical/surgical claims under the same classification, as long as the allegation is adequately pled. By alleging a systematic denial of those MH/SUD benefit claims and citing a California state agency report concluding that certain UnitedHealthcare entities

were applying a more stringent review process to such claims, Ryan S. plausibly alleges that UnitedHealthcare was applying an improper internal process in violation of the Parity Act.

Citing ERISA language suggesting that a violation of 29 U.S.C. § 1185a is a breach of fiduciary duty, the panel concluded that Ryan S. also alleged a breach of fiduciary duty.

The panel therefore reversed the dismissal of Ryan S.'s claims based on the Parity Act and for breach of fiduciary duty. As Ryan S. failed to identify any specific plan terms that the alleged practices would violate, the panel affirmed the dismissal of his claims based on a violation of the terms of his plan.

## COUNSEL

Elizabeth Hopkins (argued) and Lisa S. Kantor, Kantor & Kantor LLP, Northridge, California; Richard T. Collins and Damon D. Eisenbrey, Arnall Golden Gregory LLP, Washington, D.C.; for Plaintiff-Appellant.

April N. Ross (argued), Crowell & Moring LLP, Washington, D.C.; Jennifer S. Romano, Andrew Holmer, and Kenneth R. Taketa, Crowell & Moring LLP, Los Angeles, California; Mana E. Lombardo, Lombardo Law PC, Encino, California; for Defendants-Appellees.

# OPINION

CLIFTON, Circuit Judge:

Plaintiff-Appellant Ryan S. brought a putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA") against UnitedHealth Group, Inc. and its subsidiaries (collectively "UnitedHealthcare"). He alleges that UnitedHealthcare applies a more stringent review process to benefits claims for outpatient, out-of-network mental health and substance use disorder ("MH/SUD") treatment than to otherwise comparable medical/surgical treatment. Ryan S. asserts that by doing so, UnitedHealthcare has violated the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act"), 29 U.S.C. § 1185a, in the process also breaching its fiduciary duty and violating the terms of his plan.

UnitedHealthcare moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, concluding that all of Ryan S.'s claims were insufficient as a matter of law. It based the dismissal primarily on its conclusions that Ryan S. had (1) failed to allege that his claims had been "categorically" denied and (2) insufficiently identified analogous medical/surgical claims that he had personally submitted and UnitedHealthcare had processed more favorably.

We conclude that Ryan S. adequately stated a claim for a violation of the Parity Act. An ERISA plan can violate the Parity Act in different ways: it can explicitly exclude some form of treatment for MH/SUD issues that is offered for comparable medical/surgical issues; it can apply a facially neutral plan term in an unequal way between MH/SUD and

medical/surgical benefits; or it can apply a more stringent internal process to MH/SUD claims than to medical/surgical claims. In this case, Ryan S. alleges a violation of the third type, claiming that UnitedHealthcare applied a more restrictive review process to his outpatient, out-of-network MH/SUD claims. A plaintiff presenting that type of contention may be able to allege a plausible claim without having to allege a categorical practice or differential treatment for his or her medical/surgical claims. It is enough for such a plaintiff to allege the existence of a procedure used in assessing MH/SUD benefit claims that is more restrictive than those used in assessing medical/surgical claims under the same classification, as long as the allegation is adequately pled.

By alleging a systematic denial of those MH/SUD benefit claims and citing a California state agency report that had concluded that certain UnitedHealthcare entities, including Defendant UnitedHealthcare of California ("UHC"), were applying a more stringent review process to such claims, Ryan S. plausibly alleges that UnitedHealthcare was applying an improper internal process in violation of the Parity Act. The allegations might ultimately not be proven, but they are sufficient at the pleading stage.

We reverse the dismissal of Ryan S.'s claims based on the Parity Act and for breach of fiduciary duty. As Ryan S. fails to identify any specific plan terms that the alleged practices would violate, we affirm the dismissal of his claims based on a violation of the terms of his plan. We thus reverse the judgment in part, affirm it in part, and remand the matter for further proceedings.

## I. Background

Ryan S. is a California resident and a beneficiary of an ERISA group health plan insured, managed, and administered by UnitedHealthcare. Ryan S.'s plan covers outpatient, out-of-network MH/SUD treatment at 70% of covered charges, and 100% once the out-of-pocket maximum is met. Over the course of many months between 2017 and 2019, Ryan S. completed two different outpatient, out-of-network substance use disorder programs. UnitedHealthcare did not cover most of the costs of the programs. Ryan S. was variously informed that his claims were denied because "your plan does not cover the services you received," "no documentation was submitted," and "the information submitted does not contain sufficient detail." Overall, Ryan S. was left personally responsible for hundreds of thousands of dollars in charges.

Ryan S. filed a putative class action against UnitedHealth Group, Inc. and eight of its wholly owned subsidiaries on July 11, 2019. That complaint was subsequently amended. The operative Third Amended Complaint ("TAC") alleges that UnitedHealthcare violated three of ERISA's requirements: (1) the Parity Act, codified at 29 U.S.C. § 1185a; (2) the fiduciary duty of loyalty, described in 29 U.S.C. § 1104; and (3) the requirement under § 1104 to follow the contractual terms of a beneficiary's plan. The TAC seeks various forms of relief on behalf of the putative class, including a declaration that UnitedHealthcare's practices violated ERISA, an injunction requiring Defendants to re-evaluate all claims for substance use disorder and related laboratory services, and disgorgement of profits.

In support of these allegations, the TAC does not rely solely on Ryan S.'s personal experiences with denied claims. It also cites a 2018 report by the California Department of Managed Health Care, which concluded that Defendant UHC violated the Parity Act by imposing a more stringent review process on MH/SUD treatment claims.[1] The report based this conclusion on the existence of an algorithm, applied solely to MH/SUD treatment programs, which assessed patients' progress and referred cases for additional review, leading to the potential denial of benefits if results were deemed insufficient.

The district court initially dismissed the TAC under Rule 12(b)(1) for lack of standing. On appeal, our court held that Ryan S. had standing to pursue claims based on three alleged practices: (1) refusing to cover outpatient MH/SUD treatment, (2) refusing to pay for certain "auxiliary treatments," and (3) refusing to cover clinical laboratory claims for MH/SUD patients. *Ryan S. v. UnitedHealth Grp., Inc.*, 2022 WL 883743, at *2-4 (9th Cir. 2022). On remand, UnitedHealthcare renewed its motion to dismiss under Rule 12(b)(6) for failure to state a claim. The district court granted the motion, and this appeal followed.

## II. Discussion

We review de novo the grant of a motion to dismiss under Rule 12(b)(6). *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). A court conducting

---

[1] CAL. DEP'T MANAGED HEALTH CARE, OFF. PLAN MONITORING, FINAL REPORT: FOCUSED SURVEY OF MENTAL HEALTH PARITY AND ADDICTION EQUITY ACT (MHPAEA) IMPLEMENTATION 15-16 (July 18, 2018) [hereinafter FINAL REPORT], https://www.dmhc.ca.gov/desktopmodules/dmhc/medsurveys/surveys/126_r_MHPAEA_071818.pdf (last visited Feb. 6, 2024).

RYAN S. v. UNITEDHEALTH GROUP INC. 9

such an inquiry "accept[s] the factual allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Id.* (citation omitted). The motion should be denied if the claim is plausible on its face, that is, if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Ryan S. alleges that UnitedHealthcare maintains a system that subjects MH/SUD treatment claims to a more stringent review process than other medical/surgical claims. He argues that this practice violates three of the duties that ERISA imposes on administrators: (1) the requirement that administrators treat MH/SUD and medical/surgical claims equally, (2) the fiduciary duty of loyalty, and (3) the mandate to follow all plan terms. Based on each of these three alleged violations, Ryan S. seeks relief under 29 U.S.C. § 1132(a)(3), which allows a plaintiff to bring a claim based on "any act or practice which violates" ERISA.[2]

---

[2] The Supreme Court has described Section 1132(a)(3) as a "catchall" designed to "act as a safety net, offering appropriate equitable relief for injuries caused by violations that [Section 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). While conceding that the question is not yet before us, UnitedHealthcare asserts that "reprocessing of claims[] *cannot be granted* . . . under 29 U.S.C. § 1132(a)(3) as a matter of law." It bases this assertion on our recent decision in *Wit v. United Behav. Health*, 79 F.4th 1068 (9th Cir. 2023), where we held that "the district court erred in concluding that reprocessing was an available remedy under 29 U.S.C. § 1132(a)(3)." *Id.* at 1086. However, UnitedHealthcare overstates the breadth of that decision. In *Wit*, class certification was improper "[b]ecause the classes

A. *Parity Act*

The Parity Act requires that any limitations on "mental health or substance use disorder benefits" in an ERISA plan be "no more restrictive than the predominant treatment limitations applied to substantially all [covered] medical and surgical benefits." 29 U.S.C. § 1185(a)(3)(A)(ii). Thus, to succeed on a claim under the Parity Act, a plaintiff must show that an ERISA plan that offers both medical/surgical benefits and MH/SUD benefits imposed a "more restrictive limitation on [MH/SUD] treatment than limitations on treatment for medical and surgical issues." *Stone v. UnitedHealthcare Ins. Co.*, 979 F.3d 770, 774 (9th Cir. 2020). The district court held that Ryan S. did not plausibly allege the existence of such a limitation. We disagree.

We appreciate the challenge posed here for the district court. We have previously noted that although the Parity Act's "language is quite clear," it has "left some room for uncertainty or ambiguity regarding its application to specific ERISA plan terms and situations." *Danny P. v. Catholic Health Initiatives*, 891 F.3d 1155, 1158 (9th Cir. 2018) (citing 29 U.S.C. § 1185a(a)(3)(A)). The guidance provided by our court or other circuit courts is limited. As the district

---

were not limited to those claimants whose claims were denied based only on the challenged [process] . . . ." *Id.* The plaintiffs attempted to use Section 1132(a)(3) to circumvent that conclusion, arguing that reprocessing could still be an *equitable* remedy for class members who had not been affected by the challenged process. *Id.* We rejected that argument, holding that reprocessing was not available in equity for class members for whom the challenged process was "*unrelated to Plaintiffs' claim for benefits.*" *Id.* (emphasis added). Should this case proceed to class certification, reprocessing could still be an appropriate equitable remedy for any individuals whose claims were denied *because* UnitedHealthcare applied the challenged review process.

court noted, one ambiguity concerns "how to *state a claim* for a Parity Act violation," on which "[t]here is no clear law." *Patrick S. v. United Behavioral Health*, 516 F. Supp. 3d 1303, 1306 (D. Utah 2021) (emphasis added).

Without clear guidance, district courts have improvised when crafting pleading standards, often with inconsistent results. *Compare Michael W. v. United Behav. Health*, 420 F. Supp. 3d 1207, 1235 (D. Utah 2019), *with Welp v. Cigna Health & Life Ins. Co.*, 2017 WL 3263138, at *5-6 (S.D. Fla. 2017). These inconsistencies result from the fact that the language of the Parity Act is broad enough to contemplate multiple types of claims. Plaintiffs can allege that an ERISA plan contains an exclusion that is *discriminatory on its face*, that the plan contains a facially neutral term that is *discriminatorily applied* to MH/SUD treatment, or that the plan administrator applies an improper *internal process* that results in the exclusion of some MH/SUD treatment. *Michael W.*, 420 F. Supp. 3d at 1235-36. These three types of cases can be referred to respectively as (1) *facial exclusion* cases, (2) *as-applied* cases, and (3) *internal process* cases. Attempts to craft and apply a rigid multi-prong test that applies to all three situations can lead to the erroneous dismissal of potentially meritorious Parity Act claims.

The last type of case is at issue here. As this court stated in our previous decision in this case: "The thrust of Ryan S.'s lawsuit is that United [Healthcare] handles claims for treatment of substance use disorder differently than it handles treatment for other claims." *Ryan S.*, 2022 WL 883743, at *3; *see id.* at *4 (Collins, J., dissenting in part) ("[Ryan S.'s] complaint rests on the distinct theory that Defendants adopted certain general 'practices' for handling particular types of claims that were not consistent with . . . ERISA's 'parity provisions.'"). Ryan S. does not

allege any express exclusions in his plan, nor identify specific terms that, as applied, led to the denial of his claims. Instead, he alleges that UnitedHealthcare uses improper internal processes in determining whether outpatient, out-of-network MH/SUD treatment is covered under the plan. *See* 29 C.F.R. § 2590.712(c)(4)(i) ("processes, strategies, evidentiary standards, or other factors" may not be applied in a discriminatory manner); *cf. Bushell v. UnitedHealth Grp. Inc.*, 2018 WL 1578167, at *5 (S.D.N.Y. 2018). This case thus presents the question of what pleading standard applies to cases alleging an improper internal process.

In assessing that question for any category of Parity Act claims, we must keep certain principles in mind. Because violations of the Parity Act can take different forms, an evaluation of the plausibility of a complaint must reflect the specific violation alleged. For instance, Ryan S. did not need to allege a "categorical" practice or the uniform denial of his benefits, as the district court appeared to require. We previously held that because Ryan S.'s claims are based on the existence of an internal process, he "need not necessarily prove that any practice was categorical." *Ryan S.*, 2022 WL 883743, at *3; *see also A.Z. by & through E.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1082 (W.D. Wash. 2018). Handling MH/SUD treatment claims more stringently violates the Parity Act regardless of whether such differential treatment leads to the uniform denial of all claims.

In addition, a plaintiff need not identify an analogous category of claims with precision. While a plaintiff alleging a Parity Act violation must give reason to believe that some analogous category of claims is treated differently, the plaintiff can define that analogous category quite broadly. The statute and its implementing regulations require only a

comparison between the MH/SUD treatment at issue and other treatment within the same "classification"—in this case, outpatient, out-of-network treatment. *See* 29 U.S.C. § 1185a(a)(8)(A)(iv); *see also* 29 C.F.R. § 2590.712(c)(2)(ii)(A) (enumerating the six different classifications of benefits). Any other medical/surgical treatment within that classification can be a sufficient comparator.

A plaintiff alleging an improper internal process also need not specify the different process that allegedly applies to the analogous category of medical/surgical benefits. Plaintiffs who have not received medical/surgical treatment in the same classification as their MH/SUD treatment would have no basis to determine the process used for those analogous claims. *See Bushell*, 2018 WL 1578167, at *6 ("If the Court required Bushell's complaint to specify the exact process by which United reached its decision on anorexia cases *and* the exact process it employed for diabetes treatment, it would likely create a serious obstacle to meritorious Parity Act claims."); *Melissa P. v. Aetna Life Ins. Co.*, 2018 WL 6788521, at *3 (D. Utah 2018) ("To require more would prevent any plaintiff from bringing a mental health parity claim based on disparate operation unless she had . . . personal experience with both standards."); *see Vorpahl v. Harvard Pilgrim Health Ins. Co.*, 2018 WL 3518511, at *3 (D. Mass. 2018) ("[T]he process and factors by which [a] nonquantitative treatment limitation could even be applied both to mental health benefits and medical/surgical benefits . . . need[] to be resolved as the case proceeds after the benefit of discovery."). A plaintiff must merely allege facts sufficient to suggest that the challenged process is specific to MH/SUD claims in order to meet the plausibility pleading standard.

Overall, that standard requires a plaintiff bringing an internal process case to plausibly allege the existence of a procedure used in assessing MH/SUD benefit claims that is more restrictive than those used in assessing some other claims under the same classification. *Cf. Twombly*, 550 U.S. at 557 (holding that allegations of conduct that are merely consistent with wrongdoing do not state a claim unless "placed in a context that raises a suggestion of" such wrongdoing). A plaintiff advancing an internal process challenge needs to provide some reason to believe that the denial of MH/SUD claims was impacted by a process that does not apply to medical/surgical claims.

Simply alleging the denial of a plaintiff's claims for behavioral health benefits is unlikely by itself to support a plausible inference that a defendant employed policies in violation of the Parity Act. *See H.H. v. Aetna Ins. Co.*, 342 F. Supp. 3d 1311, 1320-21 (S.D. Fla. 2018) ("While . . . Plaintiffs need not have proof of the specific processes that [the defendant] allegedly uses to deny coverage . . . , Plaintiffs must still include some factual allegations to lend support to their claim.").

In this case, Ryan S. pleads something more. Beyond his own denied claims, he cites the 2018 report by the California Department of Managed Healthcare, described above. That report concluded that UHC processed MH/SUD claims differently. According to the report, claims submitted to UHC for outpatient MH/SUD treatment are evaluated using a process called Algorithms for Effective Reporting and Treatment (ALERT). Final Report at 15-16. The algorithms identify how often an enrollee is receiving outpatient, out-of-network treatment and whether the enrollee is making progress in the program. If the algorithms determine that certain criteria are not being met, "the case

RYAN S. v. UNITEDHEALTH GROUP INC. 15

[is] referred for peer review . . . which could result in a denial of services." *Id.* at 15. Meanwhile, UHC staff told the agency that no comparable additional review process applies to members undergoing outpatient medical/surgical treatment. *Id.* at 16. The state agency therefore determined that the "approval process for outpatient MH/SUD services is not comparable and that [utilization management] review is being applied in a more stringent manner for outpatient MH/SUD services." *Id.*

The use of an algorithmic process to trigger additional levels of review could explain why Ryan S.'s claims were not denied for a single stated reason. If the ALERT system triggers a more intensive review process for MH/SUD claims, reviewing staff might subsequently deny each individual claim for any number of reasons. Even if all those denials were independently valid, the mere fact that the reasons to deny coverage were identified only because the MH/SUD claims were subjected to an additional layer of scrutiny could violate the Parity Act.

UnitedHealthcare asserts that the report's findings have an insufficient nexus to Ryan S.'s claims, as he relies on the inference that such practices could explain his experiences with UnitedHealthcare.[3] Such an inference is not unwarranted on a motion to dismiss, however, where the court must construe all allegations in the light most favorable

---

[3] UnitedHealthcare also characterizes ALERT as relevant only to the pre-authorization process, which it argues Ryan S. does not have standing to challenge. However, as described above, the agency report's findings were not so limited. The report suggests that UHC uses ALERT *throughout* the process of a beneficiary's MH/SUD outpatient treatment, and that ALERT can lead to the denial of a benefits claim at any point. FINAL REPORT at 15-16. The conclusions regarding ALERT pertain to claims which Ryan S. has standing to bring.

to the plaintiff. The report was the result of a government investigation conducted concurrently with the benefit denials that form the basis of Ryan S.'s claims. The report suggests that, at least at the time, UnitedHealthcare subjected *all* MH/SUD outpatient claims to a more restrictive review process. That is enough to connect the report's findings to Ryan S.'s denial of benefits and is therefore sufficient to place Ryan S.'s allegations "in a context that raises a suggestion of" wrongdoing. *Twombly*, 550 U.S. at 557.

The report is much more thorough than any pre-lawsuit investigation that a typical Parity Act plaintiff could be expected to conduct on his or her own. It directly analyzes UnitedHealthcare's review process for MH/SUD claims and compares it to the plan's review process for other claims in the same classification. A pleading standard under which such a comprehensive investigation is insufficient would make it inordinately difficult for a plaintiff to challenge an internal process, given the likelihood that an individual claimant's own administrative record would not shed light on the internal processes to which the claims were subjected. The plausibility pleading standard is not that unreachable. In short, Ryan S.'s allegations, in conjunction with the agency report, are more than sufficient to allege a plausible violation of the Parity Act.

### B.  Breach of Fiduciary Duty

The district court primarily rejected Ryan S.'s breach of fiduciary duty claims for the same reasons that it dismissed his Parity Act claim: a failure to allege the existence of a violative practice. As we conclude that Ryan S. sufficiently alleged that UnitedHealthcare implemented a more stringent process for determining MH/SUD benefit claims in violation of the Parity Act, we conclude he also alleged a breach of

fiduciary duty.[4] ERISA specifies that fiduciaries must discharge their duties solely in the interests of plan beneficiaries and participants "in accordance with the documents and instruments governing the plan *insofar as such documents and instruments are consistent with the provisions of*" ERISA. 29 U.S.C. § 1104(a)(1)(D) (emphasis added). This language suggests that a violation of 29 U.S.C. § 1185a is a breach of fiduciary duty. *See, e.g.*, *Doe v. United Behav. Health*, 523 F. Supp. 3d 1119, 1127 (N.D. Cal. 2021) (denying defendant's motion for summary judgment in a breach of fiduciary duty suit predicated on a violation of the Parity Act).

### C. Violation of Plan Terms

A plaintiff bringing a claim based on a violation of plan terms "must identify a specific plan term that confers the benefit in question." *Steelman v. Prudential Ins. Co. of Am.*, 2007 WL 1080656, at *7 (E.D. Cal. 2007) (quoting *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005)). Even though Ryan S. has plausibly alleged the existence of a more stringent review process for MH/SUD claims, such a process would not automatically violate the terms of his plan. To succeed on this claim, Ryan S. must identify a term of his plan that Defendants violated, such as a term that promised an identical review process for all claims.

---

[4] UnitedHealthcare argues that if any of Ryan S.'s claims proceed, they should do so against only United Behavioral Health, Inc., as Ryan S. has not adequately alleged that any other defendant was a fiduciary. The district court has not addressed this question, and it seems to us premature to do so at this point in the proceedings. Further, the agency report indicated that at least UHC had direct involvement in the implementation of the ALERT system. FINAL REPORT at 16.

As the district court concluded, Ryan S. has not done so. Instead, he rests on the assertion that "it is hard to fathom how Defendants' failure to decide many of Ryan's claims could possibly be consistent with Plan terms requiring UnitedHealthcare to decide and pay claims for medically necessary substance use disorder treatment." The question is not whether it is "hard to fathom" that a plan did not include a specific requirement, but whether the plan actually included such a requirement that Defendants then violated. Ryan S. fails to make such a showing.

### III. Conclusion

We affirm the district court's dismissal of Ryan S.'s claims based on a violation of the terms of his plan. We reverse the district court's dismissal of Ryan S.'s claims for violation of the Parity Act and breach of fiduciary duty, and we remand for further proceedings consistent with this opinion.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.**